■ ROBERT H. BAKER et al., Appellants, v. COLE-LAYER-TRUMBLE COMPANY et al., Respondents. (Action No. 1.) (And 18 Other Actions.) — In 19 consolidated actions for injunctions, to declare certain agreements illegal and for other relief, plaintiffs appealed from an order of the Supreme Court, Orange County, entered September 24, 1971, which (1) denied plaintiffs' motion for preliminary and temporary injunctions and to declare a contract between defendants Town of Wallkill and Strick Corporation illegal and void and (2) granted defendants' cross motions to dismiss the complaints. By written stipulation (undated and received by this court on February 29, 1973), Actions Nos. 5 and 14 and the appeals by plaintiffs therein were discontinued. Order modified, on the law, by adding thereto, after the third decretal paragraph, the following: " ORDERED that the agreement entered into by defendant Town of Wallkill and defendant Cole-Layer-Trumble Company on April 17, 1970 for the reappraisal of the real properties of the Town be and the same hereby is declared a legal valid agreement in all respects, and it is further ORDERED that the agreement entered into by defendant Town of Wallkill, defendant Strick Corporation and the Board of Education of Central School District No. 1 dated October 1, 1970 be and the same hereby is declared a legal and valid agreement in all respects, and it is further ". As so modified, order affirmed, except as to Actions Nos. 5 and 14, without costs. The employment by the Town of Wallkill of an expert to appraise the value of real property in the town for the assistance of the Town Assessor is permitted pursuant to statute (Real Property Tax Law, § 572). There are detailed procedures provided by statute for reviewing contracts entered into by public officials which allegedly involve a waste of public funds (see General Municipal Law, § 51). The thrust of plaintiffs' complaints is directed to the great percentage increases in their properties' assessments which have been adopted by the Town Assessor

in reliance on the recommendations of the expert. However, it has been held that the sole remedy to challenge tax asseessments on the ground of illegality or irregularity is to seek judicial review of the assessments. "Article 7, Title I, of the Real Property Tax Law expressly authorizes the maintenance of a proceeding for such judicial review" (*Town of Harrison* v. *County of Westchester*, 25 A D 2d 759; see Real Property Tax Law, § 706). Plaintiffs' application to declare the contract between the town, the Board of Education of Central School District No. 1 and Strick Corporation illegal is also without merit. Strick Corporation is a lessee of the Town of Wallkill Industrial Development Agency. Municipal industrial agencies, pursuant to enabling legislation, may lease their properties to help the legitimate legislative objective of creating job opportunities and preventing economic deterioration (General Municipal Law, §§ 858, 852). Pursuant to statute, an industrial development agency is required to pay "no taxes" on any of its property (General Municipal Law, § 874). The tax roll of the Town of Wallkill carries the real property owned by the agency, and occupied by Strick Corporation, in the name of the agency; and consequently the property appears on the assessment roll as "Exempt Property". Pursuant to its contract with the town and the Board of Education, Strick Corporation agreed to pay taxes in the same manner as any other taxpayer, but it received under the contract the right to arbitrate any dispute with respect to its taxation. Plaintiffs on this appeal contend that this provision renders the contract illegal. In our opinion, this contention is without merit. The Legislature has granted tax exemptions to development agencies in order to aid in the economic development of particular communities. Since the property owned by the agency and occupied by the agency's lessee is properly carried on the tax roll as exempt property, the normal grievance procedures are not available to review the realty taxes which the lessee has agreed to pay. Under these circumstances, there is no basis for a judicial declaration that the contract providing for arbitration of disputes relating to Strick Corporation's realty taxes is illegal or unconstitutional. Where the court determines in an action for a declaratory judgment that the plaintiffs are not entitled to the declaration sought by them, the court nevertheless should not dismiss the complaint but should make the declaration required in the case (*Lanza* v. *Wagner*, 11 N Y 2d 317, 334). Latham, Acting P. J., Shapiro, Gulotta, Christ and Brennan, JJ., concur.