■ In the Matter of NAT MACK, Respondent, v ASSESSOR OF THE TOWN OF RAMAPO, Appellant.—In a tax certiorari proceeding pursuant to article 7 of the Real Property Tax Law, the Assessor of the Town of Ramapo appeals from an order of the Supreme Court, entered in Rockland County on October 5, 1978, which, *inter alia,* confirmed the findings of a Referee and directed that the assessment of the subject property be reduced. Order

affirmed, with $50 costs and disbursements. At the time this proceeding was commenced, the petitioner was the contract vendee of the subject property, pursuant to an agreement which, by its terms, was unconditional. Before conclusion of the proceedings before the Referee, appointed to hear and report, petitioner had become the owner of the subject property. It is uncontested that petitioner paid some $63,000 in school taxes in accordance with the assessment of the subject property herein challenged as excessive. Appellant has challenged the petitioner's right to maintain this proceeding both at Special Term and on appeal. Appellant contends that only a person aggrieved within the meaning of subdivision 1 of section 704 of the Real Property Tax Law may maintain such a proceeding and that petitioner was not, at the time of the commencement of this proceeding, such an aggrieved individual. We hold that on the facts of this particular case, the reduction in assessment awarded the petitioner must be affirmed. There appears to be no clear definition of an aggrieved party. However, we adhere to the rule expressed in *People ex rel. Bingham Operating Corp. v Eyrich* (265 App Div 562, 564-565), i.e.: "In our opinion all tax laws are to be strictly construed against the taxing power, cannot be extended by invoking their spirit, and, if open to doubt, must be resolved in favor of the taxpayer." Specifically, regarding the precise issue here involved, the court held (p 565) that a person is aggrieved within the meaning of real property tax legislation when his "pecuniary interests are or may be adversely affected" by an assessment. By virtue of the unconditional nature of the agreement for sale of the subject property, the probability that petitioner would be adversely affected by an improper assessment thereon was raised to a certainty, which did in fact come to fruition prior to the determination of this proceeding. In view of the fact that an assessment truly runs with the land and not the owner thereof (see *People ex rel. Bingham Operating Corp. v Eyrich, supra,* p 565), we are compelled by the facts presented herein not to preclude this petitioner, by reason of an overtechnical construction of applicable statutes, from obtaining the relief he sought and obtained. Mollen, P. J., Hopkins, Titone and Mangano, JJ., concur.