OPINION OF THE COURT
John R. Tenney, J.
In 1979, petitioner applied to the Onondaga County Industrial Development Agency (OCIDA) for issuance of $5,000,000 in Industrial Development Revenue Bonds (IRBs). The IRBs were used to finance industrial expansion of premises owned by petitioner in the Town of Geddes. OCIDA took title to the premises, and then leased the facility back to petitioner.
Under General Municipal Law § 874 and Real Property Tax Law § 412-a, property owned by OCIDA was exempted from payment of general real property taxes but not from special assessments or special ad valorem levies. (1 Opns Counsel SBEA No. 23.) Petitioner nevertheless agreed: “to make payments in lieu of taxes to each municipality which levies real property taxes in respect to the Facility * * * Such payments shall be in the amount which would be due in taxes, interest and penalties if the Agency were not to take title to the Facility.” It also undertook to make any special payments for which no exemption applied.
Petitioner has made payments pursuant to the agreements. It had, in the interim, also entered into negotiations with the *806 various taxing authorities to establish the applicable tax payments for a 10-year period. In August 1980, petitioner and the Town of Geddes reached agreement on a payment in lieu of tax proposal. However, final acceptance by petitioner was specifically conditioned on acceptance of the same proposal by the village and school district. The condition was never fulfilled.
Petitioner has commenced a proceeding under Real Property Tax Law article 7 to review the assessment for the 1982-1983 tax years. Respondent now moves for a judgment dismissing the petition on any of three grounds: that the Supreme Court lacks jurisdiction to entertain the proceeding; that petitioner lacks standing to contest the assessment; and that petitioner has waived its right to object and should be estopped from maintaining this proceeding.
Respondent’s first theory is that there is no assessment for the court to review since the property is tax exempt, and petitioner’s obligation is contractual and, thus, not covered by article 7, citing Baker v Cole-Layer-Trumble Co. (42 AD2d 581, 582): “Since the property owned by the agency and occupied by the agency’s lessee is properly carried on the tax roll as exempt property, the normal grievance procedures are not available to review the realty taxes which the lessee has agreed to pay.”
The circumstances in Baker (supra) were substantially different from the circumstances in this case. The action itself was for a declaratory judgment concerning the validity of an arbitration clause. The clause was part of a payment in lieu of tax agreement made directly between the IRB recipient and the local taxing authorities. It was designed as a substitute for the review procedure normally provided by article 7. The court held that the clause was valid even though the courts and the statute had stated that judicial review under the Real Property Tax Law is “the sole remedy to challenge tax assessments”. (Baker v Cole-Layer-Trumble Co., supra, at p 582.)
Here, there is no direct agreement between the petitioner and the taxing authority and no contractual provision in any document precluding resort to article 7. Baker (supra) is not controlling in this setting, regardless of the literal construction of the language cited by respondent. To accept this theory as presented, would preclude any remedy for petitioner and would sanction any valuation imposed by the taxing authorities, now or in the future, no matter how excessive.
It is, therefore, necessary to review the terms of article 7 itself to determine if it was intended to apply to such cases. Under the Real Property Tax Law, a distinction must be made between *807 “taxation” and “assessment”. Real Property Tax Law § 300 states that “[a]ll real property within the state shall be subject to real property taxation, special ad valorem levies and special assessments unless exempt therefrom by law”. Under Real Property Tax Law § 102 (2), assessment is defined as “a determination made by assessors of (1) the valuation of real property, including the valuation of exempt real property” (emphasis supplied).
Since a proceeding under article 7 is one “to review an assessment of real property” (Real Property Tax Law § 700 [1]) and since an assessment can include a determination of the value of exempt property (Real Property Tax Law § 102), this court has jurisdiction to review the propriety of the value placed on the premises by respondent. This is not an extension of the court’s jurisdiction but an application of that jurisdiction to a unique set of circumstances.
This holding does not mean that the court must exercise its jurisdiction in cases where its opinion would be merely advisory. The statute requires that the petition be brought by a “person claiming to be aggrieved by an assessment” (Real Property Tax Law § 704 [1]). It does not state that a person may only be aggrieved if he has a statutory obligation to make tax payments. An individual may be “aggrieved” as a result of a contractual assessment. Such individuals include lessees who are bound to make payments to a landlord (Matter of Arlen Realty & Dev. Corp. v Board of Assessors, 74 AD2d 905), contract vendees (Matter of Mack v Assessor of Town of Ramapo, 72 AD2d 604), and indemnitors (Matter of Phillips, 60 NY 16). The key is whether the party’s “‘pecuniary interests are or may be adversely affected’ by an assessment” (Matter of Mack v Assessor of Town of Ramapo, 72 AD2d 604, 605, supra), not whether the adverse effect is the result of a contract or direct tax liability. Petitioner clearly meets these criteria and is entitled to maintain this proceeding.
Respondent’s final contention is that petitioner has waived its right to contest the valuation because it has executed a payment in lieu of tax agreement; it did not contest the valuation at the time that the agreement with OCIDA was signed, or for two years thereafter.
In fact, petitioner has negotiated with but has never entered into a firm payment in lieu of tax agreement with any taxing authority. Its only obligations are found in the OCIDA agreements. Under these agreements, petitioner is required to make payments “which would be due” if the property were not exempt. *808 No specific value or tax figure is listed. The agreement merely provides a method for determining the amount. Furthermore, the OCIDA lease states that petitioner “may in good faith contest any taxes, assessments and other charges” (emphasis supplied).
Respondent’s second argument is that the failure to object for two years should give rise to an estoppel. This contention is without merit. Each annual assessment, and any proceedings for any year “[are] separate and distinct from every other.” (People ex rel. Hilton v Fahrenkopf, 279 NY 49, 52-53.) Past silence does not preclude the right to contest a current assessment. The motion to dismiss the petition should, therefore, be denied.