Concur—Kupferman, J. P., Sullivan, Ross, Milonas and Rosenberger, JJ.

■ The People of the State of New York, Respondent, v John Saxon, Appellant.—Judgment, Supreme Court, New York County (Harold Rothwax, J., at sentence; Aloysius Melia, J., at suppression hearing), rendered on January 20, 1984, unanimously affirmed.

Application by appellant's counsel to withdraw as counsel is granted. *(See, Anders v California,* 386 US 738; *People v Saunders,* 52 AD2d 833.) We have reviewed this record and agree with appellant's assigned counsel that there are no nonfrivolous points which could be raised on this appeal. Concur—Kupferman, J. P., Sullivan, Ross, Milonas and Rosenberger, JJ.

■ Betty Fishman et al., Respondents, v Jesse Hymes, Appellant.—Order, Supreme Court, Bronx County (Alfred J. Callahan, J.), entered July 18, 1984, denying defendant's motion for summary judgment dismissing the complaint on the ground that the action was barred by the Statute of Limitations, is affirmed, without costs and without disbursements.

. In the first complaint in this action commenced on January 26, 1979, it was alleged that on October 22, 1973 plaintiff Betty Fishman was operated upon by defendant at Mount Eden Hospital to remove what the defendant had diagnosed as a kidney stone; that the defendant, without plaintiff's authorization or consent, removed plaintiff's entire right kidney; that defendant thereafter explained to plaintiffs that this removal was required by his discovery of a growth on the kidney; and that plaintiff thereafter was informed by another doctor on or about August 19, 1977, that at the time of the operation she did not have either a kidney stone or a growth, but rather a kidney infection which did not justify the operation. Damages were sought for the defendant's alleged malpractice in having caused plaintiff to undergo an unnecessary operation, and in having removed plaintiff's kidney in the course of that operation, without her consent, and without any medical justification.

Defendant's answer denied the material allegations of the complaint and set forth several affirmative defenses, including, as here pertinent, the defense that the action was barred by the three-year Statute of Limitations (CPLR 214), which still applies to causes of action for medical malpractice based

on acts occurring before July 1, 1975. Plaintiff thereupon sought, and was granted permission, to amend the complaint.

The amended complaint restated the essential allegations set forth in the original complaint, but went on to seek damages for fraud, it being alleged that defendant had fraudulently represented to plaintiff that a stone was present in her kidney when he knew the representation to be false, and that he had further fraudulently represented to plaintiff that he had removed the kidney during the operation because of a growth, at a time when defendant allegedly knew that this representation was also false. Defendant's amended answer to the amended complaint renewed his denial of the material allegations and, as here pertinent, reasserted the affirmative defense that the action was barred by the Statute of Limitations.

Defendant then moved for summary judgment dismissing the complaint as barred by the Statute of Limitations, asserting that the action was in essence one for malpractice and accordingly precluded since it was not commenced within the applicable three-year period. Special Term denied the motion to dismiss, finding that the order granting permission to amend the complaint necessarily decided that issue in favor of the plaintiff and was controlling on defendant's summary judgment motion. Although we do not agree that the order permitting plaintiff to serve an amended complaint was dispositive of the Statue of Limitations issue when presented on the motion for summary judgment, we are persuaded that the order denying that motion was correct for other reasons.

The issues presented on this appeal require the court to consider the application of two principles set forth by the Court of Appeals in *Simcuski v Saeli* (44 NY2d 442). First, in *Simcuski,* the court found legally sufficient on a motion to dismiss, a fraud claim in which it was alleged in essence that a doctor, aware of an act of malpractice, made a material factual misrepresentation to the patient with respect to the subject matter of malpractice, on which plaintiff relied, to her damage, by not securing timely medical treatment for her condition. Second, the court held in *Simcuski,* that an equitable estoppel relieving a plaintiff from the prescriptions of the Statute of Limitations will arise if the plaintiff deferred commencing the action until after the expiration of the statutory period because of reliance on fraudulent representations by a defendant physician concealing the fact of the malpractice.

To the extent to which plaintiffs seek to recover damages

for fraudulent representations, we find the allegations set forth in plaintiffs' papers legally insufficient to sustain recovery on that theory. We perceive no factual basis in the record for the claim that the defendant made any intentional misrepresentation prior to the operation during which the kidney was removed. The alleged misrepresentation as to the reason for the removal of the kidney occurred after the operation, and we are unable to discern any factual basis in the record for the claim that the misrepresentation caused plaintiff to defer securing appropriate medical treatment required by her postoperative physical condition.

The critical issue on this appeal is whether or not the record discloses a factual issue with regard to the application of the equitable estoppel principle in a malpractice action, set forth in *Simcuski v Saeli*, (44 NY2d 442, *supra),* sufficient to deny defendant's motion for summary judgment. More specifically, the problem arises from the circumstance that although plaintiff's papers adequately allege that the kidney was removed without prior authorization or consent, and that the defendant represented the reason for the removal as a growth on the kidney, the claim that this representation was false rests entirely on a hearsay statement attributed to a doctor, unaccompanied by an affidavit from that doctor, or any supporting medical record. As against this significant omission in the plaintiffs' presentation may be weighed the circumstance that no admissible evidence was adduced on behalf of the defendant denying that plaintiff's kidney was removed without her consent, or that he re-presented the reason for the removal as the discovery of a growth on the kidney requiring its removal, or asserting that this representation, if made, was truthful.

It may well be that in the usual situation a plaintiff in a malpractice action commenced after the expiration of the statutory period, who asserts fraudulent representation by the defendant doctor giving rise to an equitable estoppel, would be required to present competent evidence sustaining that claim in response to a motion for summary judgment, even in the absence of an appropriate denial by the defendant. Under the particular circumstances disclosed in this record, we are not persuaded that defendant's entitlement to judgment as a matter of law is sufficiently clear to justify dismissal of the complaint. *(Cf. Winegrad v New York Univ. Med. Center,* 64 NY2d 851, 853.)

The record discloses that the hospital in which the operation was performed was thereafter closed, and that all of the

pertinent hospital records, with the apparent exception of the discharge summary, were unavailable. This, of course, does not satisfactorily explain plaintiffs' failure to submit an affidavit from the doctor on the basis of whose opinion the claim of fraudulent representation against the defendant has been brought, or the hospital discharge summary which appears to have contributed to that opinion. However, given the undoubted handicap under which plaintiff is laboring because of the unavailability of almost all the hospital records, the failure of the defendant to deny either that he removed plaintiff's kidney without authorization or consent, or that he explained the removal as required by a growth discovered in the course of the operation, and the further failure of the defendant to be more forthcoming with regard to an issue clearly posed and as to which he should be the most knowledgeable person, we have concluded that it would be unjustified on this record to grant defendant's motion for summary judgment.

Under the unusual circumstances presented, we affirm the denial of the motion for summary judgment dismissing the complaint without prejudice to a new summary judgment motion by the defendant in which competent evidence addressing the dispositive issues raised by the claim of equitable estoppel is presented. Concur—Sandler, J. P., Ross, Fein, and Rosenberger, JJ.