*391 OPINION OF THE COURT
Daniel F. Luciano, J.
This motion by the defendant, Frank Bonura, for summary judgment dismissing the complaint upon the ground that the action was not commenced within the applicable Statute of Limitations is denied.
In this action arising as a consequence of the alleged wrongdoing of the defendant, Frank Bonura, a physician, in rendering care and treatment to the plaintiff, Janice M. Roe, the defendant, Frank Bonura, has moved for summary judgment dismissing the complaint on the ground that the action is barred by the applicable Statute of Limitations.
The action was commenced on August 30, 1984. The defendant, Frank Bonura, claims that his last treatment of the plaintiff, Janice M. Roe, was on February 27, 1981 and, thus, that this action was not timely commenced whether the 2Vi>-year Statute of Limitations applicable in medical malpractice actions (CPLR 214-a) or the three-year Statute of Limitations applicable to professional malpractice generally is applied (CPLR 214 [6]).
The plaintiff, Janice M. Roe, contends that she was last treated by the defendant, Frank Bonura, in October 1982 and therefore that the action was timely commenced even when the 21^-year Statute of Limitations is applied.
The defendant, Frank Bonura, has requested that the court direct an immediate trial to determine the date of the last treatment (citing Miller v Wells, 58 AD2d 954) so that the Statute of Limitations issue may be resolved at an early date.
If nothing more than the question of the last day of treatment was involved, the court would be inclined to order the immediate trial so requested. There is, however, more involved.
In several respects the present case is quite similar to Simcuski v Saeli (44 NY2d 442), and the court is guided by that opinion of the Court of Appeals.
The complaint, as well as the papers submitted upon this motion and statements of counsel made at oral argument on March 17, 1986, reflect that two distinct wrongs are alleged on the part of the defendant, Frank Bonura.
The first, which is clearly in the nature of medical malpractice is the failure "to properly diagnose Plaintiffs condition, illness or disease.” The second is pleaded as follows: "Defen *392 dant failed to adequately advise and apprise the Plaintiff of the nature of her condition, disease or illness, its possible cause or causes, the steps to take in order to avoid its reoccurrence, the effect that such reoccurrence would have on the Plaintiff, her ability to produce offspring or on the offspring themselves, and the risks of pregnancy during periods of infection.”
The arguments upon the motion amplified this second claim. The more specific contentions are set forth as follows in the supplemental affidavit of the plaintiff, Janice M. Roe, sworn to on March 6, 1986:
"My treatment during the years of seeing Dr. Bonura [allegedly January 1979 to October 1982] took the following courses: I would develop pain in my abdomen, accompanied by vaginal discharges. I would see Dr. Bonura who told me I had a recurring non-specific strep infection [rather than gonorrhea from which it is alleged the plaintiff, Janice M. Roe, was actually suffering]. He would put me on medication and it would get better. Thereafter I would have a relapse and return to him for treatment, once again being told that I had a non-specific strep infection. On a number of occasions I was hospitalized for the condition and the last time I was pregnant Dr. Bonura suggested that I abort the child and have a tubal ligation because the infection was having an adverse effect on my ability to have children * * *
"After seeing Dr. Funt in July, 1984 I learned that Dr. Bonura treated me correctly and cured the condition, but that I was being continually reinfected by my husband who had infected me in the first place. I also learned that the continued infections, over the course of time, caused scar tissue build up leading to the destruction of my reproductive organs * * *
"Dr. Bonura had a duty to advise me of the nature of my illness, its cause or causes, if known, the fact that the illness was contagious and was spread sexually, that I could be reinfected after I was cured, and the effect reinfection might have in the future on my internal organs and my ability to have children. Had I been warned by Dr. Bonura of the foregoing, I would have avoided sexual contact with my husband after the first attack until I was sure both of us were free of the illness. This would have saved me from the reinfections which, over a period of time, caused me to abort my child against all of my religious beliefs and go through a tubal *393 ligation. I believe that Dr. Bonura intentionally failed to disclose the true nature of my illness for the misguided reasons of protecting me from the trauma of such knowledge.”
It is, therefore, asserted that the action commenced in August 1984 is timely since it was commenced shortly after the plaintiff, Janice M. Roe, learned of her true condition in July 1984.
As in Simcuski v Saeli (supra), the complaint denominates only one cause of action. Nevertheless, this court, as did the Court of Appeals in Simcuski, concludes that two causes of action are actually pleaded: one for failing to diagnose properly and a second for concealing facts from the patient.
In Simcuski v Saeli (supra), the Court of Appeals described the cause of action based upon fraudulent concealment as "knowingly and fraudulently misinforming plaintiff as to her physical condition and misrepresenting that physiotherapy would produce a cure.” (44 NY2d, at p 448.) Certainly, there is a parallel in that description to the wrongdoing charged in this case where it is claimed that the defendant, Frank Bonura, knowingly and fraudulently misinformed the plaintiff, Janice M. Roe, as to the nature of her illness, effectively representing that her treatments were a cure when what was required to prevent recurrences of the illness was to have the plaintiff, Janice M. Roe, abstain from sexual relations with her husband until he too was cured of the sexually transmitted disease.
In Simcuski the Court of Appeals quoted from Erbe v Lincoln Rochester Trust Co. (13 AD2d 211, 213, rearg and lv denied 14 AD2d 509, appeals dismissed 11 NY2d 754): " 'Fraudulent representations may play a dual role. They may be the basis for an independent action for fraud. They may also, in equity, be a basis for an equitable estoppel barring the defendants from invoking the Statute of Limitations as against a cause of action for breach of fiduciary relations.’ ” (44 NY2d, at p 448.) Further, the Court of Appeals stated, "[i]t is the rule that a defendant may be estopped to plead the Statute of Limitations where plaintiff was induced by fraud, misrepresentation or deception to refrain from filing a timely action * * * The quality of the relationship between physician and patient, with confidence normally reposed by the patient in the physician and the unquestioning reliance which such relationship may be expected to engender in the patient, make application of the doctrine peculiarly appropriate in such cases.” (44 NY2d, at pp 448-449.)
*394 Moreover, the Court of Appeals observed "that due diligence on the part of the plaintiff in bringing his action is an essential element for the applicability of the doctrine of equitable estoppel, to be demonstrated by the plaintiff when he seeks the shelter of the doctrine”. (44 NY2d, at p 450.) As noted above, the plaintiff, Janice M. Roe, asserts that the action was commenced within two months after learning the true nature of her problem in July 1984, a far shorter period than the "less than three years” period of delay in Simcuski which did not warrant dismissal as a matter of law. (See, 44 NY2d, at p 451.) This court concludes that a delay of only approximately two months is due diligence as a matter of law.
In the alternative, as in Simcuski, it may be concluded that with respect to the cause of action sounding in fraud the six-year Statute of Limitations (CPLR 213 [8]) will govern. (44 NY2d, at pp 451-452.)
Of the specific elements of a cause of action for fraud identified by the Court of Appeals all seem clearly present with the possible exception that the fraud alleged herein was not undertaken to cover-up the physician’s own act of malpractice. Perhaps this element may be discerned in the allegation that knowing that he had not done all that was necessary to prevent the recurrence of gonorrhea in the plaintiff, Janice M. Roe, the defendant, Frank Bonura, failed to inform the plaintiff, Janice M. Roe, that further courses of action were required. Nevertheless, even if the present case is distinguished on the ground that the defendant physician’s fraudulent concealment was not undertaken for the purpose of hiding his own malpractice, under the peculiar facts alleged in this case that distinction is of little significance. What is complained of is the failure of a physician to inform a patient of the true nature of the patient’s physical condition at a time when a course of treatment or action was available which would have prevented the unfortunate subsequent consequences. Accordingly, the parallel to Simcuski v Saeli (supra) is such that this court finds the principles stated therein applicable to the case at bar.
There is an additional, troubling concern. In the First Department case, Fishman v Hymes (114 AD2d 802), the plaintiff sought to apply the doctrine of equitable estoppel to prevent the defendant physician from asserting the defense of the Statute of Limitations. In that case it was alleged that the defendant physician had removed the plaintiff’s kidney without her consent and without justification, although he repre *395 sented that he had removed the kidney because it had a growth. The plaintiff asserted that she was subsequently informed by another doctor that the kidney had only an infection which did not justify its removal.
Upon the defendant’s motion to dismiss on the ground that the action was barred by the Statute of Limitations, the Appellate Division, First Department, expressed its concern that the contention that the defendant’s representation was false "rests entirely on a hearsay statement attributed to a doctor, unaccompanied by an affidavit from that doctor, or any supporting medical record.” (114 AD2d, at p 804.) The court went on to say "[i]t may well be that in the usual situation a plaintiff in a malpractice action commenced after the expiration of the statutory period, who asserts fraudulent representation by the defendant doctor giving rise to an equitable estoppel, would be required to present competent evidence sustaining that claim in response to a motion for summary judgment, even in the absence of an appropriate denial by the defendant.” (114 AD2d, at p 804.) In that case the plaintiff’s failure to present competent evidence was excused in large measure because of the difficulty in obtaining the pertinent records due to the closing of the hospital. The court, however, also relied upon the failure of the defendant to deny either that he removed the kidney without authorization or consent, or his purported explanation for removal of the kidney "and the further failure of the defendant to be more forthcoming with regard to an issue clearly posed and as to which he should be the most knowledgeable person”. (114 AD2d, at p 805.) Also noteworthy is the Fourth Department case, Krol v Valone (80 AD2d 997), in which the plaintiff successfully resisted a motion to dismiss based upon the Statute of Limitations or equitable estoppel grounds by submitting proof which included extracts from medical records.
In the present case, although the plaintiff, Janice M. Roe, relies upon the hearsay statement of a physician and has failed to include the affidavit of a physician or medical records in support of her contention, the only statement supplied by the defendant, Frank Bonura, is his affidavit sworn to on December 2, 1985 in which he asserts that the last date on which he treated the plaintiff was February 27, 1981. He makes no statement with regard to his diagnosis of the plaintiff Janice M. Roe’s condition or with respect to any representations he made regarding her condition.
Nevertheless, the foregoing discussion is inapplicable to the *396 cause of action based upon the claim that the defendant, Frank Bonura, failed to properly diagnose the plaintiff Janice M. Roe’s illness.
If the defendant Frank Bonura’s liability is to be based upon his improper diagnosis, the theory that he was unaware of the plaintiff Janice M. Roe’s actual malady, but did not disclose it, is inconsistent. While there is no bar to inconsistent theories of pleading (CPLR 3014) the inconsistency in the present case makes the equitable estoppel of the assertion of the Statute of Limitations defense unavailable with regard to the improper diagnosis cause of action. For, if the true nature of the defendant Frank Bonura’s wrongdoing was an improper diagnosis, his mere failure to inform the plaintiff Janice M. Roe that he had made such an error does not constitute a case in which the doctrine of equitable estoppel should be applied. The cause of action based upon the defendant Frank Bonura’s unintentional error not containing an element of fraud is not one in which the equitable estoppel doctrine may be applied. (Renda v Frazer, 75 AD2d 490.)
In this regard this case is unlike the situation in Simcuski v Saeli (supra), in which the two causes of action, the malpractice and the concealment of the malpractice were consistent. In this case the claims are that the defendant physician erred in his diagnosis or that he properly diagnosed the condition but concealed the truth.
Accordingly, with respect to the first cause of action, the alleged improper diagnosis, the doctrine of equitable estoppel cannot be applied to prevent the assertion of the Statute of Limitations defense.
With regard to the improper diagnosis cause of action, the 21/i-year Statute of Limitations (CPLR 214-a) is applicable. Unresolved is the last date of treatment. Since no matter what may be determined with respect to the last date of treatment, this action will go forward (since the alternative cause of action will remain), there is no need to hold the early trial sought by the defendant, Frank Bonura, on the Statute of Limitations defense.
Since on this motion for summary judgment the focus is upon issue finding, and since upon a review of the present record in the light most favorable to the plaintiff, Janice M. Roe, there is an issue of fact (see, Renda v Frazer, supra) the motion for summary judgment dismissing the complaint based upon the Statute of Limitations is denied.