■ DEAN M. SZAJNA, Respondent, v ELLIS D. RAND et al., Appellants.—In a medical malpractice action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Suffolk County (Orgera, J.), dated August 5, 1986, which denied their motion for summary judgment dismissing the complaint as barred by the applicable Statute of Limitations.

Ordered that the order is affirmed, with costs.

While we disagree with Special Term to the extent that it held that the doctrine of the law of the case necessarily bars reconsideration of the Statute of Limitations issue, we nevertheless affirm the order denying the defendants' motion for summary judgment for the reasons which follow.

We note, at the outset, that the doctrine of law of the case is " 'not an absolute mandate on the court,' since it may be 'ignored' in 'extraordinary circumstances' vitiating its effectiveness as a rule fostering orderly convenience * * * such as a change in the law" (Foley v Roche, 86 AD2d 887, lv denied 56 NY2d 507, quoting from Politi v Irvmar Realty Corp., 13 AD2d 469). Although we held in a previous appeal involving these litigants that the insertion of an intramedullary nail, which is a fixation device, would fall within the ambit of the foreign object exception to the Statute of Limitations and that the plaintiff's cause of action, therefore, accrued upon discovery of the broken nail (see, Szajna v Rand, 75 AD2d 617), "it is now clear that a fixation device placed intentionally within the body cannot be considered a foreign object even with respect to claims which arose prior to July 1, 1975, the effective date of CPLR 214-a" (Mitchell v Abitol, 130 AD2d 633; Lombardi v DeLuca, 130 AD2d 632; see also, Goldsmith v Howmedica, Inc. 67 NY2d 120). Accordingly, since the analysis employed by this court in the prior appeal no longer reflects the current state of the law, the doctrine of law of the case should not be invoked to preclude reconsideration of the Statute of Limitations question nor does the doctrine preclude the application of those cases which unequivocally stand for the proposition that an intentionally implanted fixation device

cannot be deemed a foreign object so as to toll the Statute of Limitations until discovery of the injury *(see, Foley v Roche,* 86 AD2d 887, *lv denied* 56 NY2d 507, *supra).*

We find, however, that the plaintiff has raised triable issues of fact as to whether the Statute of Limitations should be tolled by virtue of the defendants' alleged fraudulent concealment of the plaintiff's injuries and the plaintiff's consequent reliance upon his representations and advice *(see, Simcuski v Saeli,* 44 NY2d 442). Since the record contains disputed allegations pertaining to the issue of fraudulent concealment, an award of summary judgment in favor of the defendants would be inappropriate at this juncture. Thompson, J. P., Weinstein, Eiber and Sullivan, JJ., concur.