In the Matter of EFCO PRODUCTS, Appellant, v ROBERT CULLEN, as Assessor of the City of Poughkeepsie, et al., Respondents.

Second Department, September 10, 1990

APPEARANCES OF COUNSEL

*Satz & Kirshon, P. C. (Michael W. Kirshon* of counsel), for appellant.

*Marilyn D. Berson, Assistant Corporation Counsel,* for respondents.

## OPINION OF THE COURT

Per Curiam.

The precise issue before the court is whether a commercial lessee of tax exempt property, title to which is held by a municipal industrial development agency, may, under circumstances such as those at bar, challenge the real estate tax assessments levied by the local taxing jurisdictions when the lessee is obligated to make equivalent payments in lieu of taxes. For the reasons that follow, we find that the lessee may contest such assessments via proceedings pursuant to RPTL article 7 and accordingly, we reverse the order on appeal which dismissed the instant petitions.

The petitioner herein, EFCO Products (hereinafter EFCO), is the lessee of two parcels of real property situated within the City of Poughkeepsie on which it conducts its food service business. The lessor of these parcels is the Dutchess County Industrial Development Agency (hereinafter DCIDA), which took title from EFCO in 1981 in exchange for the issuance of $1.3 million in Industrial Development Revenue Bonds to finance the expansion of EFCO's production and warehouse facilities *(see,* General Municipal Law § 864). This arrangement is in accord with the underlying goal of municipal industrial agencies such as DCIDA which are created to foster local economic growth *(see,* General Municipal Law §§ 852, 858).

Owing to its status as a municipal industrial development agency, any property owned by DCIDA must be tax exempt *(see,* General Municipal Law § 874). Accordingly, upon the conveyance of title from EFCO to DCIDA, EFCO's former property gained tax exempt status. To avoid the loss of this property from their tax bases, Dutchess County, the City of Poughkeepsie and the City of Poughkeepsie School District (collectively referred to as "the taxing jurisdictions") entered

into an agreement (the PILOT agreement) with EFCO and DCIDA, pursuant to which EFCO would be required to make payments in lieu of taxes. Pursuant to this arrangement, DCIDA holds title to the property which EFCO occupies, while EFCO is to make payments in lieu of taxes which are equivalent to the real estate taxes which would be paid to the taxing jurisdictions were the property not tax exempt. Schedule B to the PILOT agreement provides, with two exceptions not relevant hereto, that the payments in lieu of taxes are to be "equal to the annual tax liability that would be incurred were the project fully ratable".

After the execution of the PILOT agreement, EFCO and DCIDA executed a lease which, *inter alia,* detailed EFCO's many responsibilities as DCIDA's lessee. Referring to the PILOT agreement, the lease, too, recited EFCO's obligation to make payments in lieu of taxes. The lease further provided that EFCO retained the right, in good faith, to contest the amount of taxes and assessments it was obligated to pay. The PILOT agreement contained no similar reservation of rights.

Subsequent to May 1, 1986, the City of Poughkeepsie reassessed one of the parcels being leased by EFCO, allegedly at a higher value than that of comparable properties. The City Board of Assessors denied EFCO's application for administrative relief and EFCO commenced the instant proceedings to challenge the reassessment of its leased property.

The city answered EFCO's petitions by way of a motion to dismiss the proceedings. The city asserted that EFCO did not have the "capacity" to bring these proceedings because it was the lessee of the property and not the owner as its petitions erroneously claimed. Moreover, because the property was tax exempt, the city argued, review pursuant to RPTL article 7 was unavailable. The Supreme Court, Dutchess County, agreed with this latter contention. We now reverse.

Although it is not seriously disputed by the parties, we note that EFCO clearly does have standing to maintain these proceedings pursuant to RPTL article 7. As a nonfractional lessee contractually obligated to directly pay the "taxes" levied against the lessor's undivided parcel, and whose pecuniary interests are directly affected, EFCO may maintain these proceedings to review these aggrieving determinations *(see, Matter of Waldbaum, Inc. v Finance Adm'r of City of N. Y.,* 74 NY2d 128; *Matter of Burke,* 62 NY 224).

The peculiar feature of this case is that EFCO is not paying

"taxes" per se, but rather is making payments in lieu of taxes which are virtually identical to the taxes any owner of nonexempt property would be obligated to pay. The city asserted, and the Supreme Court agreed, that reassessments of tax exempt property owned by DCIDA were not subject to judicial review in tax certiorari proceedings. In support of this proposition, the court relied upon our decision in *Baker v Cole-Layer-Trumble Co.* (42 AD2d 581). The court, however, misconstrued the breadth of that decision which only held RPTL article 7 review to be unavailable in the *Baker* case due to the existence of a valid and enforceable arbitration clause by which the parties were bound *(see, Matter of Pass & Seymour v Town of Geddes,* 126 Misc 2d 805). By contrast, in the instant case the parties are not similarly bound and thus EFCO is not precluded from maintaining these proceedings.

Furthermore, contrary to the respondents' contentions, the absence of an express reservation of EFCO's right to an RPTL article 7 review in the PILOT agreement is of no consequence. The right to challenge an assessment of real property attaches to a landowner, or to a nonfractional lessee *(see, Matter of Waldbaum, Inc. v Finance Adm'r of City of N. Y.,* 74 NY2d 128, *supra),* upon allegations that the assessment, *inter alia,* is excessive and that the assessment will cause the petitioner to sustain pecuniary injury (RPTL 706). While access to RPTL article 7 review may be waived by a lessee, *inter alia,* by execution of an enforceable arbitration clause *(see, Baker v Cole-Layer-Trumble Co.,* 42 AD2d 581, *supra),* there was no such waiver in the case at bar. Accordingly, we reject the argument of the City of Poughkeepsie that EFCO is without legal recourse absent an express reservation of its legal rights, as adoption of this argument would leave EFCO with no means of challenging any assessment no matter how excessive it might be *(see, Matter of Pass & Seymour v Town of Geddes, supra).*

Finally, we would merely note that the defects in EFCO's petitions in which ownership status is erroneously asserted are not fatal. Since the respondents have moved to dismiss these petitions and have yet to interpose answers, EFCO may still serve amended petitions as of right to correct these defects *(see,* CPLR 3211 [f]; 3025 [a]; *see,* Siegel, NY Prac § 236).

Accordingly, the order of the Supreme Court is reversed insofar as appealed from, the respondents' motion is denied, and the petitions are reinstated.

SULLIVAN, J. P., HARWOOD, BALLETTA and MILLER, JJ., concur.

Ordered that the order is reversed, with costs, the respondents' motion is denied, and the petitions are reinstated.