■ BERNICE KORNEGAY, Appellant, v MT. SINAI MEDICAL CENTER, Respondent. [604 NYS2d 116] —Order, Supreme Court, Bronx County (Alan Saks, J.), entered October 28, 1992, which, *inter alia,* granted defendant's motion for summary judgment dismissing the complaint on Statute of Limitations grounds, unanimously affirmed, without costs.

While the instant alleged medical malpractice occurred prior to the effective date of the 1975 amendment to CPLR 214 and creation of CPLR 214-a, the intent of the Legislature in enacting said CPLR 214-a is significant in determining whether an IUD, which was allegedly negligently left in plaintiff, constitutes a "foreign object" for purposes of the discovery exception to the relevant Statute of Limitations under the principles set forth in the pre-amendment case of *Flanagan v Mount Eden Gen. Hosp.* (24 NY2d 427; *see, Cooper v Edinbergh,* 75 AD2d 757). As we held in *Rodriguez v Manhattan Med. Group* (155 AD2d 114, 115, *affd* 77 NY2d 217) a "fixation device," such as an IUD, is not transformed into a "foreign object" when a physician fails to remove it after being retained to do so. *(See also, Rockefeller v Moront,* 81 NY2d 560, 565.)

We have considered all other claims and find them to be meritless. Concur—Sullivan, J. P., Carro, Wallach and Asch, JJ.