■ MARY A. DEMATTEO, Appellant, v SANFORD A. RATZAN, M.D., P. C., et al., Respondents. [638 NYS2d 780]

On July 7, 1979, the plaintiff fractured the tibia of her left leg in a car accident. She received treatment for this injury from the defendant, Dr. Sanford A. Ratzan, from July 1979 through March 1984. During this period of treatment, she received no surgery to correct her condition. In March 1984, Dr. Ratzan allegedly told the plaintiff that her leg was completely healed. In November 1991, the plaintiff learned that her leg was still fractured. In January 1994, the plaintiff commenced this medical malpractice action against Dr. Ratzan and his professional corporation. The plaintiff alleged that Dr. Ratzan was negligent in failing to order surgery for her leg in 1980. The plaintiff also alleged that the doctor should be estopped from asserting the defense of the Statute of Limitations since the doctor intentionally concealed his malpractice in March 1984, when he falsely informed the plaintiff that her leg was completely healed.

The court granted the defendants' motion for summary judgment dismissing the complaint, finding that the plaintiff failed to establish that the doctrine of equitable estoppel was applicable to the facts of this case. We disagree.

The plaintiff has averred that the doctor specifically told her that the fracture had completely healed, and that after five years of treatment, she did not require any further treatment. According to the plaintiff, when she asked the doctor to explain the continued pain and the presence of a large bump at the fracture site, the doctor responded that the pain and deformity were normal and to be expected with the type of fracture which she had sustained. The doctor also stated that if she "was still unhappy with the deformity in the future, it could be 'filed down' in simple cosmetic surgery". In addition, the plaintiff has adduced documentary evidence (i.e., a No-Fault Insurance Report signed by the doctor), which supports her contention that in March 1984, the doctor had specifically told her that the subject fracture had healed.

Significantly, the medical evidence (i.e., X-rays) clearly indicates that the subject fracture was not healed in March 1984 and the doctor does not controvert the fact that a disunion in the plaintiff's leg was evident at the time he had allegedly told the plaintiff the fracture had healed. Moreover, the doctor does not contend that he simply misread the medical evidence. Rather, in the face of the plaintiff's allegations, the doctor as-

serts that he never told the plaintiff that the fracture had healed.

Since the record contains disputed allegations pertaining to the issue of the doctor's alleged fraudulent concealment, an award of summary judgment in favor of the defendants would be inappropriate at this juncture *(see, Simcuski v Saeli,* 44 NY2d 442; *Harkin v Culleton,* 156 AD2d 19; *Szajna v Rand,* 131 AD2d 840). Balletta, J. P., O'Brien, Ritter, Pizzuto and Altman, JJ., concur.