■ In the Matter of the NEW YORK STATE DORMITORY AUTHORITY, Respondent, v BOARD OF TRUSTEES OF THE HYDE PARK FIRE AND WATER DISTRICT, Appellant. [657 NYS2d 444] —In consolidated proceedings pursuant to CPLR article 78 and Real Property Tax Law article 7 to challenge special benefit assessments levied by the respondent Board of Trustees of the Hyde Park Fire and Water District, the appeal is from a judgment of the Supreme Court, Dutchess County (Jiudice, J.), dated January 13, 1997, which, upon granting the petitioner's motion for summary judgment, granted the petitions, annulled the assess-

ments against the property owned by the petitioner and directed a refund of the special assessments previously paid.

Ordered that the judgment is affirmed, with costs.

In these consolidated proceedings, the petitioner challenges special assessments levied by the Board of Trustees of the Hyde Park Fire and Water District (hereinafter the District) for the years 1992 through 1995 against property owned by it and leased to the Culinary Institute of America (hereinafter the CIA). The property was conveyed to the petitioner by the CIA to obtain financing for construction which was funded by the issuance of bonds. In a prior proceeding in which the petitioner challenged the 1990 and 1991 special assessments by the District against the same property, the Court of Appeals determined that the petitioner was exempt from payment pursuant to Public Authorities Law § 1685 (see, Matter of New York State Dormitory Auth. v Board of Trustees, 86 NY2d 72).

The doctrine of res judicata precludes litigation of matters that could or should have been raised in a prior proceeding between the parties arising from the same factual grouping, transaction, or series of transactions, as well as the relitigation of issues that were actually raised and decided in that proceeding (see, Board of Mgrs. v Horn, 234 AD2d 249; Koether v Generalow, 213 AD2d 379, 380). The claims asserted by the District here could and should have been raised in the previous proceeding involving the same exemption and special assessment, albeit for other years, and therefore litigation of these issues is barred (see, Schulman Master Ltd. Partnership I v Town/Village of Harrison, 162 AD2d 674).

Even if the claims asserted by the District were not barred, we would nevertheless conclude, as did the Supreme Court, that the claims are without merit. We agree with the Supreme Court that the CIA cannot be compelled to pay a special assessment for property that it occupies, so long as title to that property is held by the petitioner. Public Authorities Law § 1685 specifically exempts the petitioner from paying special assessments on property it owns (see, Matter of New York State Dormitory Auth. v Board of Trustees, supra). When the property at issue was conveyed by the CIA to the petitioner it became subject to the exemption, although the CIA occupies and uses the property (see, Matter of EFCO Prods. v Cullen, 161 AD2d 44, 45). There is no agreement between the CIA and the District requiring the CIA to make payments to the District in lieu of assessments (cf., Matter of EFCO Prods. v Cullen, supra). As the Supreme Court properly concluded, the District is not a third-party beneficiary of the lease and agreement be-

tween the CIA and the petitioner, which places responsibility for the payment of any taxes and assessments on the CIA. Bracken, J. P., Sullivan, Santucci and Altman, JJ., concur.