■ DESANTO CONSTRUCTION CORP., Respondent-Appellant, v ROYAL INSURANCE COMPANY OF AMERICA, Appellant-Respondent. [717 NYS2d 636] —In an action for a judgment declaring that the defendant is obligated to defend and indemnify the plaintiff in an underlying action for contractual indemnification and to recover damages for breach of contract, the defendant appeals from so much of an order of the Supreme Court, Nassau County (Lockman, J.), entered December 15, 1999, as denied its cross motion for summary judgment, and the plaintiff cross-appeals, as limited by its brief, from so much of the same order as denied its motion for summary judgment.

Ordered that the order is modified, on the law, by deleting the provision thereof denying the cross motion and substituting therefor a provision granting the cross motion; as so modified, the order is affirmed, with costs to the defendant, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment declaring that the defendant is not obligated to defend or indemnify the plaintiff in the underlying action.

Robert Maheu, an employee of the plaintiff, DeSanto Construction Corp. (hereinafter DeSanto), was injured while working on an elevator at a Long Island Railroad (hereinafter the LIRR) station. Maheu brought a negligence action against the LIRR, which in turn commenced a third-party action against DeSanto for contractual indemnification and to recover damages for breach of contract, based on DeSanto's failure to procure insurance on behalf of the LIRR. DeSanto then commenced a second third-party action against its insurance carrier, the defendant, Royal Insurance Company (hereinafter Royal), alleging, *inter alia,* that Royal breached its agreement to insure, indemnify, and defend the LIRR pursuant to various insurance policies, and that Royal should therefore be required to provide insurance coverage for the accident. Royal moved for summary judgment dismissing the causes of action based on breach of contract. By order dated April 1, 1996, the Supreme Court, *inter alia,* denied Royal's motion. This Court modified that order and dismissed the causes of action based on breach of contract. We concluded that DeSanto was collaterally

estopped from seeking coverage based upon the Supreme Court determination in the third-party action commenced by the LIRR against DeSanto that coverage for Maheu's accident did not exist (*see, Maheu v Long Is. R. R.,* 244 AD2d 465, 466).

Thereafter, in February 1998 DeSanto commenced the present action for a judgment declaring that Royal was obligated to defend and indemnify it in the third-party action commenced by the LIRR. DeSanto moved for summary judgment and Royal cross-moved for the same relief. The Supreme Court denied their respective motions.

The doctrine of res judicata bars DeSanto's present action. This doctrine "precludes litigation of matters that could or should have been raised in a prior proceeding between the parties arising from the same factual grouping, transaction, or series of transactions" (*Matter of New York State Dorm. Auth. v Board of Trustees,* 239 AD2d 501, 502; *see, O'Brien v City of Syracuse,* 54 NY2d 353, 357). Claims may be precluded even if based on different legal theories and if different remedies are sought (*see, O'Brien v City of Syracuse, supra*). DeSanto and Royal were both parties in the previous actions. When DeSanto commenced its second third-party action against Royal, it knew that in the first third-party action the LIRR was seeking indemnification from it for Maheu's accident. Yet, DeSanto chose to commence the second third-party action only against Royal based on its alleged failure to procure insurance on behalf of the LIRR covering Maheu's accident. DeSanto had an opportunity to bring its present claims in the previous actions, which involved the same accident and the same insurance policy, yet it failed to do so. Thus, the instant action is barred by the doctrine of res judicata (*see, O'Brien v City of Syracuse, supra*). Bracken, J. P., O'Brien, Florio and Schmidt, JJ., concur.