■ Susan L. Owen et al., Respondents, v Margaret Mackinnon, Appellant. [775 NYS2d 565]—

In an action, inter alia, to recover damages for medical mal-

practice, etc., the defendant appeals from an order of the Supreme Court, Suffolk County (Cohalan, J.), dated June 3, 2003, which denied her motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

As a general rule, the limitations period for a medical malpractice action runs from the date of the last act constituting the basis of the claim, and not from the date of discovery of the resulting injury (*see Rockefeller v Moront,* 81 NY2d 560 [1993]; *Rodriguez v Manhattan Med. Group,* 77 NY2d 217 [1990]). However, in *Flanagan v Mount Eden Gen. Hosp.* (24 NY2d 427 [1969]), the Court of Appeals created an exception to this general rule by adopting a discovery rule for cases where a "foreign object" has been left inside a patient's body. Six years later, the Legislature enacted CPLR 214-a, which requires that a medical malpractice action be commenced within two years and six months of "the act, omission or failure complained of . . . provided, however, that where the action is based upon the discovery of a foreign object in the body of the patient, the action may be commenced within one year of the date of such discovery or of the date of discovery of facts which would reasonably lead to such discovery, whichever is earlier." The statute further provides that the term "foreign object" shall not include a "fixation device," which is inserted into a patient's body for the purpose of treatment (*see Rodriguez v Manhattan Med. Group, supra).*

We agree with the defendant's contention that the Supreme Court erred in applying the foreign object discovery rule to the plaintiffs' claims that the defendant negligently failed to remove an intrauterine device (hereinafter IUD) from the plaintiff Susan L. Owen during a procedure performed in 1970. Since the alleged act of malpractice in this case occurred before the enactment of CPLR 214-a in 1975, the timeliness of the plaintiffs' lawsuit is governed by the three-year limitations period for medical malpractice actions set forth in CPLR 214 (6), and the decisional law interpreting the foreign object rule as enunciated in *Flanagan v Mount Eden Gen. Hosp. (supra) (see Rockefeller v Moront, supra).* However, an IUD, which is intentionally placed in a patient's body as a means of contraception, is a "fixation device" which does not qualify as a "foreign object" under either CPLR 214-a or the principles set forth in *Flanagan v Mount Eden Gen. Hosp. (supra) (see Rodriguez v Manhattan Med. Group, supra; see also LaBarbera v New York Eye & Ear Infirmary,* 91 NY2d 207 [1998]; *Rockefeller v Moront, supra).* Moreover, a fixation device cannot be deemed to

be transformed into a foreign object when a physician negligently fails to remove it (see *Rodriguez v Manhattan Med. Group, supra; Kornegay v Mt. Sinai Med. Ctr.,* 199 AD2d 69 [1993]). Thus, the plaintiffs' malpractice claim accrued when the defendant allegedly failed to remove the IUD, not when the plaintiffs discovered that it had not been removed.

However, where a physician fraudulently conceals his or her malpractice, and the patient's reliance upon the physician's representations and advice prevents discovery of the malpractice, the doctrine of equitable estoppel may be invoked to preclude the physician from asserting the statute of limitations as an affirmative defense (see *Simcuski v Saeli,* 44 NY2d 442 [1978]). Here, the plaintiffs alleged that the defendant deceived Susan L. Owen into believing that the IUD had been removed, and concealed her failure to remove the IUD when Susan L. Owen subsequently complained of abnormal menstrual cycles and an inability to conceive. Under these circumstances, there are disputed issues of fact regarding the alleged concealment which preclude us from determining whether the defendant can be equitably estopped from asserting the statute of limitations as a defense (see *Simcuski v Saeli, supra; DeMatteo v Sanford A. Ratzan, M.D., P.C.,* 225 AD2d 579 [1996]; *Harkin v Culleton,* 156 AD2d 19 [1990]; *Szajna v Rand,* 131 AD2d 840 [1987]). Ritter, J.P., Krausman, Luciano and Cozier, JJ., concur.