ARNOLD VIGLIOTTI et al., Appellants, v NORTH SHORE UNIVERSITY HOSPITAL et al., Respondents. [810 NYS2d 82]—

In an action to recover damages for medical malpractice, etc., the plaintiffs appeal from so much of an order of the Supreme Court, Nassau County (Mahon, J.), entered November 6, 2003, as granted that branch of the defendants' motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (5) as barred by the doctrine of res judicata.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, that branch of the motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (5) as barred by the doctrine of res judicata is denied,

upon searching the record, that branch of the motion which was to dismiss the complaint as time-barred is denied, that branch of the motion which was to dismiss the causes of action predicated upon fraud pursuant to CPLR 3211 (a) (7) is granted, the first and second causes of action are dismissed, and the matter is remitted to the Supreme Court, Nassau County, for a hearing and determination in accordance herewith as to that branch of the defendants' motion which was to dismiss the complaint insofar as asserted against the defendant Michael H. Hall pursuant to CPLR 306-b and 308.

The plaintiff Arnold Vigliotti allegedly contracted hepatitis C during the course of his 1997 cardiac surgery performed by the defendant Michael H. Hall at the defendant North Shore University Hospital (hereinafter the Hospital). In 1999 the plaintiffs commenced an action (hereinafter *Vigliotti I*) against the Hospital and New York Blood Center, Inc., alleging that Mr. Vigliotti became infected with the virus through a contaminated blood product provided by the defendants. When discovery yielded documentary proof that each of the blood units received by Mr. Vigliotti had tested negative for hepatitis C, the plaintiffs executed a stipulation dated June 2001 discontinuing *Vigliotti I* with prejudice.

Approximately nine months later, newspaper reports detailed health department investigations concluding that a cardiac surgeon at the Hospital had transmitted hepatitis C to several of his patients during surgery. Prompted by these reports, the plaintiffs launched their own investigation and learned that Dr. Hall had been infected with hepatitis C and had transmitted the virus to several of his patients.

In March 2003 the plaintiffs commenced this action (hereinafter *Vigliotti II*), naming both the Hospital and Dr. Hall as defendants, alleging that the defendants intentionally concealed Dr. Hall's medical status and fraudulently withheld this information from Mr. Vigliotti. The complaint included causes of action sounding in medical malpractice, lack of informed consent, toxic tort, and fraud. The defendants moved, inter alia, for dismissal of the complaint pursuant to CPLR 3211, which the Supreme Court granted based on the doctrine of res judicata. We reverse.

The Supreme Court erred insofar as it found that *Vigliotti II* was barred by the doctrine of res judicata based upon the dismissal of *Vigliotti I*. Under the doctrine of res judicata, or claim preclusion, a valid final judgment bars future actions between the same parties on the same cause of action (*see Parker v Blauvelt Volunteer Fire Co.*, 93 NY2d 343, 347 [1999]; *Matter of*

*Reilly v Reid*, 45 NY2d 24, 27 [1978]). As a general rule, once a claim is brought to its final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different legal theories or seeking a different remedy (*see Parker v Blauvelt Volunteer Fire Co., supra*; *O'Brien v City of Syracuse*, 54 NY2d 353, 357 [1981]). The doctrine "precludes litigation of matters that could or should have been raised in a prior proceeding between the parties arising from the same factual grouping, transaction, or series of transactions" (*DeSanto Constr. Corp. v Royal Ins. Co. of Am.*, 278 AD2d 357, 358 [2000] [internal quotation marks omitted]). Moreover, it is well settled that "[a] stipulation [of discontinuance] with prejudice does carry *res judicata* authority" with respect to the same cause (*Rossi v Twinbogo Co.*, 193 AD2d 481, 483 [1993]; *see also* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3217:15, at 748-749).

Here, however, *Vigliotti I* did not involve the same cause, facts, or even parties (*see Van Hof v Town of Warwick*, 249 AD2d 382 [1998]; *Dolitsky's Dry Cleaners v YL Jericho Dry Cleaners*, 203 AD2d 322, 323 [1994]). That action was premised upon the plaintiff having contracted hepatitis C through tainted blood; Dr. Hall was not a defendant therein. Insofar as the Hospital was concerned, the complaint in *Vigliotti I* alleged negligence arising from the blood supplied during the operation. *Vigliotti II,* however, alleges, inter alia, negligence and malpractice by Dr. Hall and the Hospital in connection with permitting an infected surgeon to operate on the plaintiff without notifying him of the risks thereof, and in permitting the resulting infection. These claims are not barred by the doctrine of res judicata (*see Matter of Reilly v Reid*, 45 NY2d 24, 30 [1978]; *Brown v Lockwood*, 76 AD2d 721, 738-739 [1980]; *see also Julien J. Studley, Inc. v Lefrak*, 66 AD2d 208 [1979], *affd* 48 NY2d 954 [1979]).

Moreover, contrary to the defendants' contentions, *Vigliotti II* is not time-barred as a matter of law. Equitable estoppel may be invoked to defeat a statute of limitations defense when the "plaintiff was induced by fraud, misrepresentations or deception to refrain from filing a timely action" (*Matter of Eberhard v Elmira City School Dist.*, 6 AD3d 971, 972 [2004] [internal quotation marks omitted]; *see Simcuski v Saeli*, 44 NY2d 442, 448-449 [1978]). In light of the plaintiffs' claim that the defendants knew or should reasonably have known that Dr. Hall was infected with hepatitis C, yet concealed that circumstance from the patient prior to the surgery, the plaintiffs have adequately pleaded facts which, if proven, would establish the

existence of an equitable estoppel. Whether or not an estoppel should be found is a question of fact (*see Owen v Mackinnon,* 6 AD3d 684 [2004]; *DeMatteo v Sanford A. Ratzan, M.D., P.C.,* 225 AD2d 579 [1996]; *Ross v Community Gen. Hosp. of Sullivan County,* 150 AD2d 838 [1989]; *Fishman v Hymes,* 114 AD2d 802 [1985]). As such, the defendants are not entitled to dismissal of the action at this juncture on statute of limitations grounds.

With respect to the plaintiffs' fraud claims, the defendants accurately observe that "in order to have a separate cause of action for fraud, the plaintiff must show that the personal injuries caused by the fraud are different from those caused by the malpractice" (*Harkin v Culleton,* 156 AD2d 19, 21 [1990]). This the plaintiffs cannot do (*see Spinosa v Weinstein,* 168 AD2d 32 [1991]). Even assuming a fraud claim could lie separately from the lack of informed consent causes of action based on the concealment of Dr. Hall's condition and the risks of his performing the surgery, the damages arising therefrom are no different from those alleged to have resulted from the lack of informed consent or malpractice claims, i.e., the infection with hepatitis C (*see Bellera v Handler,* 284 AD2d 488 [2001]). Therefore, the fraud claims cannot stand.

Finally, as acknowledged by the plaintiffs in their opposition papers before the Supreme Court, a factual issue exists as to service on Dr. Hall. Thus, there must be a hearing to determine the validity of service of process upon Dr. Hall pursuant to CPLR 306-b and 308. Cozier, J.P., S. Miller, Mastro and Skelos, JJ., concur.