■ Vanessa Dominguez, Respondent, v Diana Morris, Appellant, et al., Defendants. [909 NYS2d 383]—

In an action, inter alia, to impose a constructive trust on certain real property and to cancel a deed, the defendant Diana Morris appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Markey, J.), dated March 12, 2009, as denied those branches of her cross motion which were pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against her as time-barred.

Ordered that the order is affirmed insofar as appealed from, with costs.

After the father of the plaintiff and the appellant died, the plaintiff commenced this action, inter alia, to impose a constructive trust based on the appellant's alleged failure to honor her promise to the father regarding the equal distribution of

proceeds of any sale of the subject property among the sisters after its conveyance. Since that alleged breach of a promise occurred less than six years before the plaintiff commenced this action, the Supreme Court properly denied that branch of the appellant's cross motion which was to dismiss the complaint as time-barred (*see* CPLR 213 [1]; *Loengard v Santa Fe Indus.*, 70 NY2d 262, 267 [1987]; *Zane v Minion*, 63 AD3d 1151, 1153-1154 [2009]; *Panish v Panish*, 24 AD3d 642, 643 [2005]). Moreover, contrary to the appellant's contention, the doctrine of res judicata is inapplicable because there is no identity between the parties in a prior action to impose a constructive trust and the present action (*see* *City of New York v Welsbach Elec. Corp.*, 9 NY3d 124, 127 [2007]; *Vigliotti v North Shore Univ. Hosp.*, 24 AD3d 752, 753-754 [2005]; *compare Pawling Lake Prop. Owners Assn., Inc. v Greiner*, 72 AD3d 665 [2010]). Dillon, J.P., Florio, Balkin and Roman, JJ., concur.