■ ALLA KRUTYANSKY, Respondent, v YURY KRUTYANSKY, Appellant. [9 NYS3d 631]—

In a matrimonial action in which the parties were divorced by judgment entered June 19, 2000, the defendant appeals (1) from so much of an order of the Supreme Court, Kings County (Henderson, Ct. Atty. Ref.), dated November 2, 2012, as, after a hearing, granted the plaintiff's motion for an award of interest in the amount of $495,403.76 on the award of equitable distribution, and (2) from a money judgment of the same court (Prus, J.), dated November 28, 2012, which, upon the order, is in favor of the plaintiff and against him in that amount.

Ordered that the appeal from the order is dismissed, as the order was superseded by the money judgment; and it is further,

Ordered that the money judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

Pursuant to a judgment of divorce, the plaintiff was awarded equitable distribution in the amount of $962,628.70, with interest accruing at the statutory rate of 9% on the unpaid principal balance from the date of the entry of that judgment.

On December 28, 2005, the defendant made his first payment to the plaintiff in the amount of $400,000 and, on May 31, 2006, he paid the balance of the distributive award. In September 2011, the plaintiff moved for an award of interest consistent with the judgment of divorce. The Supreme Court awarded the plaintiff interest at the statutory rate from the entry of judgment until the date when the award was paid in full, after adjusting for the partial payment that was made on December 28, 2005.

On the defendant's prior cross appeal to this Court from the judgment of divorce, he raised the identical issue, specifically, the rate of interest to be applied to the unpaid balance on the distributive award. In our decision and order, we expressly stated that his remaining contentions had no merit, thereby

disposing of this issue (*see Krutyansky v Krutyansky*, 289 AD2d 299, 300 [2001]). The defendant has presented nothing that warrants a reconsideration of that determination. Thus, our prior determination of this issue is the law of the case, precluding our further consideration thereof (*see Szajna v Rand*, 131 AD2d 840 [1987]).

The defendant's remaining contention is without merit. Balkin, J.P., Chambers, Miller and Hinds-Radix, JJ., concur.