■ In the Matter of the Final Accounting of ELVIN I. UNTERMAN, as Trustee of an Escrow Agreement Made by JIMLO RESTAURANT CORP. and TAKI IATROPOULOS. ELVIN I. UNTERMAN, Appellant; MORRIS M. KAUFMAN et al., Respondents.—Order, Supreme Court, New York County, entered on September 14, 1976, which granted respondents' motion to renew (denominated as a motion to reargue) to the extent of directing a trial of the factual issues presented, unanimously affirmed, with $40 costs and disbursements payable to respondents. Petitioner contends for the first time on appeal that as judgment in this special proceeding was entered on June 10, 1976, prior to the determination of respondents' motion to renew (inadvertently labeled

as one to reargue), Special Term improvidently exercised discretion to grant such motion pursuant to CPLR 2221 since that obviated the requirements of CPLR 5015. Significantly, there was no final judgment entered at the time that the motion to renew was made and respondents, therefore, properly utilized CPLR 2221. At the time of entry of the judgment, the parties were aware that there was already pending before the court a motion to renew. Parenthetically, an ideal ordered sequence based on reason would dictate disposition of a pending motion to renew prior to entry of a judgment based upon the original motion which, of necessity, would be affected by a different determination on the motion to renew. In any event, Special Term would continue "to possess inherent discretionary power to vacate its own judgment for sufficient reason and in the interests of substantial justice" (5 Weinstein-Korn-Miller, NY Civ Prac, §§ 5015.01, 5015.12). Study of the record demonstrates that Special Term properly granted the motion to renew in that factual issues were raised respecting petitioner's escrowee's alleged negligence and misfeasance. Concur—Lupiano, J. P., Birns, Lane and Lynch, JJ.