■ DONALD A. LEVINGER, Appellant, v GENERAL MOTORS CORPORATION et al., Respondents.—Levine, J. Appeals (1) from an order of the Supreme Court at Special Term (Crew, III, J.), entered August 19, 1985 in Chemung County, which ordered plaintiff to show cause why defendant General Motors Corporation (General Motors) should not be granted leave to amend its answer, (2) from an order of said court, entered September 26, 1985 in Chemung County, which, upon renewal, denied plaintiff's cross motion for partial summary judgment and granted General Motors permission to amend its answer to interpose an affirmative defense, and (3) from an order of said court, entered October 15, 1985 in Chemung County, which, *inter alia*, granted defendant Brown and Hauser Auto Sales, Inc.'s motion for partial summary judgment dismissing plaintiff's first cause of action against it.

In September 1983, plaintiff purchased from defendant Brown and Hauser Auto Sales, Inc. (the dealer), a new Buick Skylark manufactured by defendant General Motors Corporation (General Motors). On five separate occasions from March through October 1984, the vehicle was in for repairs concerning motor failure or malfunction. In two of those instances, the vehicle had to be towed to the dealer's service department. Following the last of the foregoing incidents, plaintiff refused to accept return of the vehicle after ostensible repairs, and instead demanded replacement thereof or a refund of the purchase price pursuant to the State's "New Car Lemon Law" (General Business Law § 198-a). Plaintiff claimed that he was entitled to a refund or replacement because defendants had been "unable to repair or correct [the] defect or condition which substantially impair[ed] the value of the motor vehicle to the consumer after a reasonable number of attempts" (General Business Law § 198-a [c]). When this demand was rejected, plaintiff brought the instant action for recovery of the purchase price of the vehicle and consequential damages. His first cause of action was based upon General Business Law § 198-a and the remaining two causes of action were based upon breach of implied warranties.

In response to plaintiff's discovery notices, defendants moved for a protective order and for partial summary judgment dismissing plaintiff's first cause of action, contending, on the one hand, that General Business Law § 198-a (c) imposes no duty upon a dealer to replace the vehicle or refund the

purchase price, and, on the other hand, that no such cause of action lies against a manufacturer until the expiration of two years from the date of purchase or the operation of the vehicle for 18,000 miles, whichever occurs first. Plaintiff cross-moved for summary judgment on his General Business Law § 198-a cause of action. By decision dated August 2, 1985, Special Term ruled that plaintiff's first cause of action should be dismissed as against the dealer, but granted plaintiff partial summary judgment on that cause of action as against General Motors. However, before a formal order was prepared and presented to Special Term, General Motors moved by order to show cause to reargue plaintiff's cross motion and for a leave to amend its answer to assert the affirmative defense that the alleged defective condition of the vehicle did not substantially impair its value (see, General Business Law § 198-a [c] [1]). General Motors supporting papers included, inter alia, the affidavit of the dealer's service manager. The court treated the motion as one to renew, granted the motion and, upon reconsideration, held that there were triable issues of fact precluding partial summary judgment against General Motors. The court also granted General Motors leave to amend its answer. These appeals by plaintiff followed.

Plaintiff contends that renewal of the motion should not have been granted, invoking the familiar rule that renewal is not available under CPLR 2221 if the new evidence upon which it is sought was available at the time of the earlier motion absent sufficient justification for the prior omission through mistake, inadvertence or excusable neglect (see, e.g., Caffee v Arnold, 104 AD2d 352; Foley v Roche, 68 AD2d 558, 568). However, General Motors motion, whether properly deemed as one for reargument or for renewal, was brought on before the order on Special Term's earlier decision was submitted or entered. Until then, the court had inherent power, sua sponte or at the behest of one of the parties, to reconsider and correct its earlier decision (see, Bonilla v Reeves, 49 Misc 2d 273, 278; cf. Matter of Unterman [Kaufman], 57 AD2d 745, 746). Therefore, the strict requirements of the decisional law on renewal motions under CPLR 2221, which is entitled "Motion affecting prior order" (emphasis supplied), are not controlling. In any event, it was not an abuse of discretion for Special Term to have accepted the excuse proffered by defense counsel that his failure to submit the new material on the original motion was due to a mistake in legal theory in this area of recent legislation which had not yet been judicially interpreted until the initial decision was rendered (see, Esa v New York Prop. Ins. Underwriting Assn., 89 AD2d 865, 866).

We also find no basis on the merits for reversing the denial of plaintiff's cross motion for summary judgment upon renewal. Concededly, plaintiff's cross motion on his cause of action for replacement or refund under General Business Law § 198-a (c) must necessarily be based upon the statutory presumption that defendants were unable to correct the defect or condition after a reasonable number of attempts. That presumption only comes into play here, however, if "the *same* nonconformity, defect or condition has been subject to repair four or more times * * * but such nonconformity, defect or condition continues to exist" (General Business Law § 198-a [d] [1]; emphasis supplied). General Motors submitted evidence on its subsequent motion creating triable issues as to whether, on the various occasions when the vehicle was brought in for repair, the complaints related to the same malfunction or whether, instead, each such mechanical failure presented a different defect which was corrected in turn by the dealer. This being the case, plaintiff's cross motion for summary judgment was properly denied.

We similarly find no abuse of discretion in Special Term's granting General Motors permission to amend its answer to interpose an affirmative defense, plaintiff having shown no prejudice from the amendment *(see,* CPLR 3025 [b]; *McCaskey, Davies & Assoc. v New York City Health & Hosps. Corp.,* 59 NY2d 755, 757). Finally, since no appeal lies from the order to show cause granted ex parte (CPLR 5701 [a] [2]), the appeal from that order should be dismissed.

Appeal from order entered August 19, 1985 dismissed, without costs.

Orders entered September 26, 1985 and October 15, 1985 affirmed, without costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.