■ ETHEL MITCHELL et al., Respondents, v M. MAURICE ABITOL, Appellant.—In a medical malpractice action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Queens County (LeVine, J.), entered June 25, 1986, which denied his motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint as barred by the Statute of Limitations.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The defendant physician delivered the plaintiff Ethel Mitchell's child by Caesarean section in July 1970. Over five years later, Mrs. Mitchell sought treatment for pain and inflammation that she was experiencing in the area of her incision. Surgery was required to remove a quantity of suture material that had been used at the time of the Caesarean section. In June 1977 the plaintiffs commenced this medical malpractice action, alleging that the defendant's failure to use proper material or follow proper practices when suturing Mrs. Mitchell's incision caused her later medical problems. In March 1986 the defendant, who had raised the Statute of Limitations defense in his answer, moved to dismiss the complaint as time barred under the three-year period of limitation applicable to malpractice actions arising prior to July 1, 1975 (see, CPLR 214, 214-a; Goldsmith v Howmedica, Inc., 67 NY2d 120, 122, n 2). The Supreme Court, Queens County, denied the motion on the ground that the sutures came within the definition of a "foreign object" for purposes of tolling the Statute of Limitations, and that the action had been timely commenced within three years of the date that the object could reasonably have been discovered (see, Flanagan v Mount Eden Gen. Hosp., 24 NY2d 427). Because it is now clear that a fixation device placed intentionally within the body cannot be considered a foreign object even with respect to claims which arose prior to July 1, 1975, the effective date of CPLR 214-a, we reverse.

In Goldsmith v Howmedica, Inc. (supra), the Court of Appeals held that a cause of action to recover damages for medical malpractice based upon the malfunctioning of a prosthetic device accrued upon implantation and not at the time of the injury to the patient. Although that case was not governed by CPLR 214-a and did not involve a "foreign object," the court viewed the provision in CPLR 214-a specifically excluding chemical compounds, prosthetic aids and fixa-

tion devices from the foreign object exception as indicating a "clearly expressed legislative intent that the present exception to the general time of commission accrual rule not be broadened beyond its existing confines" *(Goldmsith v Howmedica, Inc., supra,* at 123; *see, Matter of Beary v City of Rye,* 44 NY2d 398, 414-415). As also noted in *Goldsmith,* the policies behind the Statute of Limitations militate against applying the foreign object rule to cases involving intentionally implanted devices, in part because the causal connection between the physician's alleged negligence and the injury to the patient in such cases tends to be weaker than in those cases involving procedures in which objects are negligently left in the patient's body *(Goldsmith v Howmedica, Inc., supra,* at 122 n 3, 124; *see, Flanagan v Mount Eden Gen. Hosp., supra,* at 427, 430).

At bar, the claim of negligence is based solely upon the allegation that the wrong method and material were used in suturing the surgical wound, which is clearly insufficient to bring the action within the ambit of the foreign object exception. Accordingly, because the action was commenced more than three years after the date of the alleged malpractice, the complaint must be dismissed. Mangano, J. P., Eiber, Kunzeman and Harwood, JJ., concur.