ANGELINA VINCIGUERRA, Respondent, v WILLIAM J. JAMESON, JR., Appellant.

Third Department, February 22, 1990

**APPEARANCES OF COUNSEL**

*Carter, Conboy, Bardwell, Case, Blackmore & Napierski (Dianne Bresee Mayberger* of counsel), for appellant.

*Nicholas D. Morsillo (James Dixon* of counsel), for respondent.

**OPINION OF THE COURT**

HARVEY, J.

Plaintiff commenced this action in December 1987 to recover damages for alleged medical malpractice committed by defendant during a surgical operation performed on plaintiff to remove a cyst on her left ovary in November 1983. Plaintiff alleges that during the course of the operation, defendant mistakenly applied hemoclips (small metallic devices used to control bleeding during surgery) to plaintiff's ureter instead of attaching them to a blood vessel. These hemoclips were reportedly allowed to remain in plaintiff's abdomen after completion of the surgery. As a result, the flow of urine from plaintiff's left kidney to the bladder was allegedly blocked, which ultimately rendered the kidney irreparably nonfunctional. Plaintiff was informed of the alleged cause of her problems in May 1987, five months before she commenced suit.

Following joinder of issue, plaintiff moved to, *inter alia,* strike defendant's second affirmative defense asserting that plaintiff's action is time barred under the applicable Statute of Limitations *(see,* CPLR 214-a). Although plaintiff's action was commenced over four years after her surgery, plaintiff as-

serted that the hemoclip constituted a "foreign object" so as to toll the 2½-year Statute of Limitations until its discovery, after which she had one year to commence suit *(see,* CPLR 214-a). Defendant cross-moved for summary judgment. Supreme Court granted defendant's motion and denied that of plaintiff. Thereafter, plaintiff moved by order to show cause for reargument and/or renewal of the prior motions. Supreme Court granted this request and both parties submitted new medical evidence. Upon reconsideration, Supreme Court vacated its prior determination, finding that questions as to whether the hemoclips could be considered foreign objects in this case precluded the granting of summary judgment. This appeal by defendant followed.

■ Initially, we reject defendant's contention that Supreme Court abused its discretion in vacating its prior decision. The parties sharply contest whether the motion should be characterized as one for renewal or reargument and exhaustively argue the merits of each approach. It is our view, however, that even if plaintiff did not technically meet the requirements for renewal or reargument, the granting of such relief was a proper exercise of Supreme Court's discretion in the interest of justice *(see, Sciascia v Nevins,* 130 AD2d 649, 650). In circumstances such as these, where it is apparent from the record that the court was unclear concerning the parties' precise arguments, it cannot be persuasively argued that the court abused its discretion by reconsidering the matter once the issues were more thoroughly explained with the help of expert affidavits. Even were this fact still not sufficient to justify granting the motion, we note that it appears from the record that plaintiff's motion was brought on before the order was entered on Supreme Court's earlier decision. Therefore, the court could still exercise its inherent power to reconsider and correct its earlier decision *(see, Levinger v General Motors Corp.,* 122 AD2d 419, 420).

■ With the merits of Supreme Court's decision properly before us, we conclude that summary judgment in defendant's favor was properly denied. Defendant's arguments are principally based on the proposition that hemoclips, like sutures, are designed to remain in the body and should be considered intentionally implanted fixation devices which do not fall under the definition of foreign objects for Statute of Limitations purposes *(see, e.g., Lombardi v DeLuca,* 130 AD2d 632, *affd* 71 NY2d 838; *Mitchell v Abitol,* 130 AD2d 633). While this contention has some support, it must also be noted,

however, that it is established New York law that devices intentionally placed and meant to be left in the body as fixation devices can, under certain circumstances, later be considered foreign objects by reason of medical malpractice *(see, e.g., Sternberg v Gardstein,* 120 AD2d 93 [intrauterine device (IUD) which physician failed to remove from patient's body during sterilization procedure constituted foreign object]; *Darragh v County of Nassau,* 91 Misc 2d 53, *affd* 63 AD2d 1010 [second IUD inserted in patient's body without removing the IUD implanted earlier rendered first IUD a foreign object]; *see also, Mayotte v Bauer,* 130 Misc 2d 946; *Taddeucci v Weitzner,* 130 Misc 2d 853).

Of greater significance here is the case of *Ivey v Scoggins* (163 Ga App 741, 295 SE2d 164), where the Court of Appeals of Georgia, in construing a statute virtually identical to CPLR 214-a, held that where a suture was negligently placed and then left on the plaintiff's ureter during a hysterectomy, the placement of such a suture on an organ not usually involved in a hysterectomy was a violation of proper medical procedure which rendered the suture a foreign object for Statute of Limitations purposes. Such reasoning must also logically apply to the case at bar. To charge a patient undergoing a gynecological procedure with knowledge for Statute of Limitations purposes that a hemoclip or suture was permanently placed on an organ not normally associated with the operation being performed would be unreasonable.

We note that while it is clear from the record that hemoclips were used during plaintiff's operation, there is still a question of fact raised by the pleadings as to whether they were in fact placed on plaintiff's ureter. Assuming a finding is made by the trier of fact that this occurred in defiance of standard medical procedure, then defendant's Statute of Limitations defense must be dismissed.

CASEY, J. P., WEISS, LEVINE and MERCURE, JJ., concur.

Order affirmed, with costs.