MARK ROCKEFELLER et al., Respondents, v GEORGE P. MORONT et al., Appellants.

Third Department, August 27, 1992

## APPEARANCES OF COUNSEL

*Carter, Conboy, Bardwell, Case, Blackmore & Napierski (Shirley Clouser* and *James A. Resila* of counsel), Albany, for George P. Moront, appellant.

*Maynard, O'Connor & Smith (Arete Sprio* of counsel), Albany, for Columbia Memorial Hospital, appellant.

*Powers & Santola (Michael J. Hutter* of counsel), Albany, for respondents.

## OPINION OF THE COURT

YESAWICH JR., J.

On June 23, 1971 defendant George P. Moront, a licensed physician, performed left hernia repair surgery on plaintiff Mark Rockefeller (hereinafter plaintiff) at defendant Columbia Memorial Hospital; plaintiff was approximately four years old at the time. In 1988, plaintiff married and, when his wife was unable to conceive, it was discovered that plaintiff's semen contained no sperm. Thereafter, on November 3, 1989 plaintiff underwent exploratory surgery during the course of which a suture was found on his vas deferens; it had been permanently placed there during the herniorraphy—an undenied departure from proper medical procedure. An attempt to repair the damage caused by the suture was unsuccessful. This medical malpractice action by plaintiff and his wife against Moront and the hospital followed. Damages are sought for plaintiff's sterility and emotional distress, as well as derivative damages on behalf of his wife.

Moront moved to dismiss the complaint as time barred and for failure to state a cause of action. Relying on the same grounds, the hospital also moved for dismissal. Plaintiff and his wife cross-moved pursuant to CPLR 2215 to strike defendants' affirmative defenses. Supreme Court determined (1) that the misplaced suture was a foreign object, (2) that the Statute of Limitations for plaintiff's cause of action had not

expired, and (3) that sterility is a compensable injury.* Although their motions to dismiss the wife's derivative cause of action were granted, defendants' motions for dismissal of plaintiff's claims were denied, prompting defendants to appeal.

We recognize that "[a] fixation device, [including] *suture material, intentionally placed in the [patient's] body*" does not constitute a "foreign object" even though the claim arose prior to July 1, 1975, the effective date of CPLR 214-a *(Lombardi v DeLuca,* 130 AD2d 632, *affd on mem below* 71 NY2d 838, 839 [emphasis supplied]); however, the record indicates that the suture at issue here was not inserted for any treatment purpose, but by mistake—simply put, its placement in plaintiff's body was never intended. Hence, like the surgical clamps inadvertently left inside the plaintiff in *Flanagan v Mount Eden Gen. Hosp.* (24 NY2d 427), the case that established the foreign object rule, it became a foreign object immediately after its insertion. The case of *Rodriguez v Manhattan Med. Group* (77 NY2d 217), upon which defendants rely so heavily, is distinguishable from the case at hand in a very important way, for it did not involve a foreign object but an attempt to transform a deliberately infixed appliance into a foreign object. That action was brought not *"because* a 'foreign object' was negligently inserted, but rather because there was a subsequent medical omission" (an allegedly negligent misdiagnosis which caused the plaintiff's injuries) *(supra,* at 223 [emphasis in original]), namely, the defendants' failure to locate and remove an I.U.D. "originally placed in [the plaintiff's] body deliberately as a contraceptive device with a specific medical purpose" *(supra,* at 222 [emphasis omitted]; *see,* Alexander, 1991 Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C214-a:3 1992 Pocket Part, at 31).

The circumstances before us are considerably different. Just as the plaintiff in *Flanagan (supra)* and unlike the plaintiff in *Rodriguez (supra),* plaintiff herein seeks recovery from the

---

* Since neither defendants' notice of appeal included an appeal from this part of Supreme Court's order, this issue is not properly before us *(see, Royal v Brooklyn Union Gas Co.,* 122 AD2d 132, 133; *see also,* CPLR 5515 [1]). In any event, we note that when a "plaintiff's alleged sterile condition resulted from injuries that [were] suffered as a consequence of defendants' malpractice, [plaintiff] may recover not only for the physical injuries inflicted but also for the mental and emotional distress attending those injuries" *(Villa v Marciano,* 167 AD2d 828, 829; *see, Lynch v Bay Ridge Obstetrical & Gynecological Assocs.,* 72 NY2d 632, 635; *Martinez v Long Is. Jewish Hillside Med. Center,* 70 NY2d 697, 699).

doctor who actually inserted the foreign object (the suture), not the doctor retained to remove it. Like the surgical clamps involved in *Flanagan* and unlike the I.U.D. involved in *Rodriguez,* there is absolutely no evidence that this suture was originally inserted for any specific treatment purpose *(cf., Lombardi v DeLuca, supra)* or that in performing the hernia surgery "the wrong method [or] material were used" *(Mitchell v Abitol,* 130 AD2d 633, 634; *cf., Cooper v Edinbergh,* 75 AD2d 757, 758-759).

In fact and significantly, the sworn statement of the doctor who discovered the suture, that its placement on plaintiff's vas deferens is not usually, normally or customarily involved in a herniorraphy, is uncontroverted *(cf., Thompson v Connor,* 178 AD2d 752, *appeal dismissed* 80 NY2d 826). This, in conjunction with the other undisputed averments set forth in the doctor's affidavit regarding the discovery of the suture and its causal connection to plaintiff's sterility, disposes of the questions of professional diagnostic judgment or discretion, credibility and chain of causation posed in *Rodriguez v Manhattan Med. Group (supra,* at 223-224); in these circumstances, the burden of defending a "stale" claim is not sufficient justification for the harsh consequences that the dissent's conclusion would visit on the injured plaintiff *(see, Martin v Edwards Labs.,* 60 NY2d 417, 426). In contrast to *Rodriguez v Manhattan Med. Group (supra),* the instant matter does not present the danger of " 'bringing virtually all medical malpractice cases under the discovery rule' " *(supra,* at 224, quoting Governor's Program Bill Mem, at 4, Governor's Bill Jacket, L 1975, ch 109), but includes only those instances where a physician introduces into a patient's body an object—including a suture to an organ not involved in the medical procedure performed—which is not intended to remain there *(see, Rodriguez v Manhattan Med. Group, supra,* at 222, citing McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C214-a:3, at 603).

Given that the suture was not deliberately but rather was mistakenly placed around plaintiff's vas deferens during his herniorraphy, the suture, which has no vindicable role in the surgery, became a foreign object, not by transformation, but immediately upon insertion. Accordingly, Supreme Court properly found that the action, having been commenced within three years of the date of its discovery, was not barred by the Statute of Limitations. Discovery not yet having been had, however, the affirmative defense based on the Statute of

Limitations is dismissed without prejudice to its reassertion if, following discovery, defendants satisfactorily demonstrate facts sufficient to warrant determination by the trier of fact that there is a triable issue respecting whether plaintiff could have reasonably discovered the existence of the alleged malpractice at a point in time more than three years prior to the commencement of this action.

MIKOLL, J. P. (dissenting). We respectfully dissent.

This court had occasion to address the "foreign object" exception in *Vinciguerra v Jameson* (153 AD2d 452). In circumstances similar to the instant case, the "foreign object" exception was found applicable where hemoclips used to control bleeding during surgery were mistakenly placed on a patient's ureter instead of a blood vessel, causing damage to the patient. Involved herein is the placement of a suture on the vas deferens of plaintiff Mark Rockefeller (hereinafter plaintiff) by defendant George P. Moront which, it is alleged, is not normally, usually or customarily sutured during a herniorraphy.

Since *Vinciguerra,* the Court of Appeals has revisited the question of what constitutes a "foreign object" in *Rodriguez v Manhattan Med. Group* (77 NY2d 217). In that case, the plaintiff and her husband sued the defendant clinic and the treating physician for malpractice because of the treating physician's failure to discover an intrauterine device which the plaintiff had inserted into her uterus as a birth control measure and which she sought to have removed. The court noted that following its earlier decision in *Flanagan v Mount Eden Gen. Hosp.* (24 NY2d 427), several lower court decisions had attempted to amplify the narrow exception fashioned therein regarding the "foreign object" doctrine, but that the 1975 enactment of CPLR 214-a curtailed further judicial expansion of the "foreign object" doctrine. CPLR 214-a specifically excluded fixation devices from the "foreign object" exception to the traditional Statute of Limitations rule in malpractice actions.

Although this case arose prior to the enactment of CPLR 214-a, we are nonetheless bound by the expression of legislative intent that *Flanagan v Mount Eden Gen. Hosp. (supra)* "not be broadened beyond its existing confines" *(Matter of Beary v City of Rye,* 44 NY2d 398, 415; *see, Rodriguez v Manhattan Med. Group, supra,* at 221-222). As related to "fixation devices", including clamps, hemoclips and sutures,

we read *Rodriguez* as limiting the application of *Flanagan* to cases where an object is "accidentally * * * left inside the patient's body" at the time of surgery *(Rodriguez v Manhattan Med. Group, supra,* at 220) and not where the object is deliberately, albeit negligently, placed in the patient *(see, supra,* at 222; McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C214-a:3, at 603; *see also, Mitchell v Abitol,* 130 AD2d 633). As such, we conclude that plaintiff's cause of action accrued on June 23, 1971, when the suture was attached to plaintiff's vas deferens, and is time barred. We similarly conclude that our prior decision in *Vinciguerra v Jameson (supra)* has no further validity.

We would therefore modify Supreme Court's order by dismissing plaintiff's complaint as time barred.

CREW III and HARVEY, JJ., concur with YESAWICH JR., J.; MIKOLL, J. P., and MERCURE, J., dissent in an opinion by MIKOLL, J. P.

Ordered that the order is modified, on the law, without costs, by providing that the affirmative defense of the Statute of Limitations is dismissed without prejudice, and, as so modified, affirmed.