■ ANGELA VINCIGUERRA, Appellant, v WILLIAM J. JAMESON, JR., Respondent. (And Two Other Related Actions.) [617 NYS2d 942] —Casey, J. Appeal from an order of the Supreme Court (Lynch, J.), entered October 4, 1993 in Schenectady

County, which granted defendants' motions for summary judgment dismissing the complaints in action Nos. 1, 2 and 3.

As the result of a surgical operation performed on plaintiff, which allegedly rendered one of her kidneys inoperable, plaintiff commenced three actions: action No. 1 against defendant William J. Jameson, Jr., alleging medical malpractice; action No. 2 against defendants Ellis Hospital and John Bronsan, also alleging medical malpractice; and action No. 3 against all three defendants, alleging fraudulent concealment of her injuries. Because the actions were commenced more than 2½ years after the act, omission or failure complained of *(see,* CPLR 214-a), defendants in action Nos. 1 and 2 asserted affirmative defenses based upon the Statute of Limitations.

As a result of plaintiff's motion to dismiss the affirmative defense in action No. 1 and Jameson's cross motion for summary judgment, this Court held on a prior appeal that although plaintiff's action was otherwise time barred, plaintiff's allegation that hemoclips (small metallic devices used to control bleeding during surgery) were negligently placed and left on plaintiff's ureter raised a question of fact under the foreign object toll of CPLR 214-a (153 AD2d 452). Subsequently, the Court of Appeals held in *Rockefeller v Moront* (81 NY2d 560) that a suture or other "fixation device" deliberately implanted in a patient's body with the intent that it remain is not a foreign object under CPLR 214-a even if it is improperly installed. Defendants thereafter moved for summary judgment in action Nos. 1 and 2 based upon untimeliness and in action No. 3 based upon failure to state a cause of action separate and distinct from the malpractice claims. Supreme Court granted the motions and plaintiff appeals. We affirm.

We agree with Supreme Court that based upon *Rockefeller v Moront (supra)* and contrary to our prior decision, plaintiff's malpractice claims are time barred because the hemoclips, which were intended to remain in plaintiff's body after surgery, were not foreign objects under CPLR 214-a. Plaintiff does not claim that this case is distinguishable from *Rockefeller v Moront (supra),* but instead argues that defendants should be precluded from raising the timeliness issue by res judicata, law of the case and estoppel.

Inasmuch as there was no final judgment on the merits in the prior proceedings in this case, we find plaintiff's claim of res judicata to be untenable *(see,* Siegel, NY Prac § 448 [2d ed]). We also find no merit in plaintiff's further claim that a decision contrary to our prior decision in action No. 1 is

precluded by the doctrine of law of the case. The doctrine of law of the case may be ignored to allow a party the benefit of an intervening change in the law even though the court has passed on the same issue (see, Foley v Roche, 86 AD2d 887, lv denied 56 NY2d 507). Although a change in the law will not be applied to a case that has been finally resolved (see, Cutler v Travelers Ins. Co., 159 AD2d 1014, lv dismissed, lv denied 76 NY2d 768), a change in law generally will be applied to all cases still in the normal litigation process (see, Gurnee v Aetna Life & Cas. Co., 55 NY2d 184, 191, cert denied 459 US 837). Because there was no final resolution of the actions herein and because these actions are still in the normal litigative process, the principles of Rockefeller v Moront (supra) were properly applied by Supreme Court.

Plaintiff's estoppel argument is based upon the claim that defendants misled plaintiff about her postoperative condition which induced her to refrain from filing a timely action (see, Simcuski v Saeli, 44 NY2d 442, 448-449). There is, however, no evidence in the record that plaintiff's complaints were anything other than routine postoperative discomfort, as explained by Jameson. Although plaintiff claims that defendants knew or should have known of the malpractice when they assured her that the operation was successful, there is no evidentiary proof in the record to support such a claim. Supreme Court correctly dismissed action Nos. 1 and 2 as untimely.

We reach the same conclusion as to Supreme Court's dismissal of action No. 3, which alleged defendants' fraudulent concealment of their malpractice. To succeed on her fraudulent concealment claim, plaintiff must establish that defendants had knowledge of their prior malpractice and made subsequent misrepresentations in an attempt to conceal their earlier negligence (see, Rizk v Cohen, 73 NY2d 98, 105-106). As previously noted, however, there is no evidence in the record to support plaintiff's claim that defendants knew of their malpractice when they assured plaintiff that her surgery was successful and she needed no further treatment. In opposition to the motions for summary judgment, plaintiff bore the burden of submitting evidentiary proof in admissible form to support all of the elements of her cause of action (see, Simcuski v Saeli, supra, at 453). She failed to meet this burden.

Cardona, P. J., Mikoll, Mercure and White, JJ., concur. Ordered that the order is affirmed, with costs.