OPINION OF THE COURT
Stanley L. Sklar, J.
The essential question raised by the present motion and cross motion in this action for medical malpractice and related claims is whether plaintiffs’ causes of action are barred by the Statute of Limitations.
Plaintiff Bella Stander and her husband plaintiff Robert Mason move to dismiss the first affirmative defense of defendant dermatologist, Norman Orentreich, M.D.,* which raises the Statute of Limitations defense. Based on this defense and on plaintiffs’ alleged failure to state a cause of action with respect to plaintiffs’ fourth cause of action, defendant cross-moves for summary judgment dismissing plaintiffs’ complaint.
Plaintiff visited Dr. Orentreich in July and August 1979 for treatment of linear scleroderma, a skin condition, on her face. Dr. Orentreich recommended injections of liquid silicone as the sole treatment for this condition. Silicone is considered a medical device under FDA regulations, not a drug. Based on his recommendation Stander received two sets of injections into her cheek and forehead. She discontinued treatment because the injections were painful and caused discoloration of the skin.
Stander alleges that she noticed no other adverse reactions until somewhere between February and April 1986 when small pink lumps appeared on her forehead. She had these removed by a different doctor — a plastic surgeon — who initially hypothesized that the lumps resulted from factors unrelated to her 1979 treatment by Dr. Orentreich. Shortly thereafter more lumps appeared, which she had removed in 1987. After pathology analysis and a conversation in February 1988 *533 with a representative from Dow Corning, the manufacturer of the liquid silicone, Stander suspected that the cause of the painful pink lumps emerging on her forehead was the silicone which defendant injected in 1979.
Plaintiff asserts that after learning the purported cause of the lumps, she also learned that Dr. Orentreich had injected her with a nonmedical grade of silicone which was not, as manufactured, suitable for injection into humans, but which defendant reprocessed (see generally, Retkwa v Orentreich, 152 Misc 2d 691, 693 [Sup Ct, NY County 1991]) to cause it to become medical grade. The parties dispute whether or not the liquid silicone which defendant injected was or was not suitable for that use. Plaintiffs allege that defendant negligently processed or manufactured the purportedly reprocessed silicone.
Dr. Orentreich was served with a summons and complaint on May 16, 1988. He served an answer on June 24, 1988. Plaintiffs have alleged four causes of action against Dr. Orentreich: first, for medical malpractice based on departures from accepted standards of medical care; second, for failure to obtain the plaintiff’s informed consent to the treatment administered; third, a derivative action for loss of services, society and consortium suffered by plaintiff’s spouse, Robert Mason; and fourth, for injury resulting from defendant’s alleged negligent manufacture, processing and administration of the injectable liquid silicone.
The Statute of Limitations requires an action for medical malpractice to be commenced "within two years and six months of the act, omission or failure complained of’ (CPLR 214-a; Bleiler v Bodnar, 65 NY2d 65). The alleged malpractice occurred in July and August of 1979. Plaintiffs have not alleged that the continuous treatment doctrine applies to toll the Statute of Limitations. Another exception that can extend the time to commence a medical malpractice action is the "foreign object” exception. (CPLR 214-a.) The statute, however, specifically excludes chemical compounds from the scope of the exception. (Beary v City of Rye, 44 NY2d 398.) Stander alleges that the cause of her injury was liquid silicone injected into her body, which defendant alleges is a chemical compound.
Whether the silicone constitutes a chemical compound within the meaning of the statute, and/or a medical device, plaintiffs cannot invoke the benefit of the foreign object excep *534 tian. This discovery rule is available to delay the running of the Statute of Limitations "only in circumstances where a foreign object is negligently left’ in the patient’s body without any intended continuing treatment purpose” (Rockefeller v Moront, 81 NY2d 560, 566; Flanagan v Mount Eden Gen. Hosp., 24 NY2d 427).
Dr. Orentreich intentionally injected the silicone into Bella Stander precisely as a treatment designed to ameliorate plaintiffs skin condition. This places plaintiffs’ allegations outside the narrow scope of an exception which the Court of Appeals has consistently refused to broaden. (Rockefeller v Moront, supra, at 566; Rodriguez v Manhattan Med. Group, 77 NY2d 217, 221-222, 224; Goldsmith v Howmedica, Inc., 67 NY2d 120, 123; Beary v City of Rye, supra, at 415.) These cases indicate, notwithstanding the dictum in Mateo v Rish (86 AD2d 736), which opined a possibility that the foreign object exception might apply where less than medical grade silicone was injected into a plaintiff, that the exception as interpreted does not apply. (See, Mitchell v Abitol, 130 AD2d 633 [2d Dept 1987] [foreign object exception does not apply to a claim that the physician failed to use the proper suturing material thereby causing inflammation and pain in the area of the incision].) Accordingly, plaintiffs’ first cause of action is time barred.
The failure to obtain a patient’s informed consent sounds in medical malpractice and is subject to the same 21/2-year Statute of Limitations. (Public Health Law § 2805-d; CPLR 214-a; De Leon v Albert Einstein Coll. of Medicine, 164 AD2d 743.) Accordingly, plaintiffs’ second cause of action for lack of informed consent is also time barred. "In New York, a plaintiff injured by an allegedly defective product may seek recovery against the manufacturer on the basis of any one or more of four theories of liability. 'Depending on the factual context in which the claim arises, the injured plaintiff, and those asserting derivative claims, may state a cause of action in contract, express or implied, on the ground of negligence, or * * * on the theory of strict products liability.’ ” (Voss v Black & Decker Mfg. Co., 59 NY2d 102, 106 [quoting Victorson v Bock Laundry Mach. Co., 37 NY2d 395, 400].) Here, plaintiffs specifically disavow any claim sounding in warranty and strict products liability and assert that the fourth cause of action is premised "on a theory of simple negligence” (Asaro, reply affidavit, j[ 29).
"An action to recover for personal injuries or wrongful *535 death against a medical practitioner or a medical facility or hospital may be based either on negligence principles or on the more particularized medical malpractice standard.” (Coursen v New York Hosp.-Cornell Med. Ctr., 114 AD2d 254, 256 [emphasis added] [citations omitted].) When the duty owing to the plaintiff by the defendant arises from the physician-patient relationship or is substantially related to medical treatment, the breach thereof gives rise to an action sounding in medical malpractice as opposed to simple negligence. (Papa v Brunswick Gen. Hosp., 132 AD2d 601, 603 [citing Bleiler v Bodnar, 65 NY2d 65, supra].) Where the issue relating to due care may be easily discernible by a jury on common knowledge, simple negligence rules apply. (Coursen v New York Hosp.-Cornell Med. Ctr., supra, at 256.) "However, where the directions given or treatment received by a patient is in issue, this requires consideration of the * * * skill and knowledge of the practitioner * * * and the more specialized theory of medical malpractice applies.” (Supra [citing McDermott v Manhattan Eye, Ear & Throat Hosp., 15 NY2d 20, 24] [further citations omitted].)
Plaintiffs’ fourth cause of action somewhat inartfully asserts that Dr. Orentreich negligently manufactured or processed the silicone into what was supposed to be "medical grade” silicone, and that Dr. Orentreich negligently administered it to Bella Stander. To the extent that this claim is based on Dr. Orentreich’s "administration” of the silicone injections into Stander, plaintiffs are asserting a claim for medical malpractice and accordingly that claim is time barred for the reasons discussed above.
To the extent that plaintiffs are claiming that Dr. Orentreich used his skills as a chemist to transform nonmedical grade liquid silicone, which was unacceptable for injection into humans, and attempted chemically to reprocess it into a medical grade silicone, but failed to do so due to his negligence, plaintiffs have alleged an action outside the scope of medical malpractice. Plaintiffs’ allegation does not directly bear upon the doctor-patient relationship, or the doctor’s instructions to or treatment of plaintiff. Rather than implicating as faulty Dr. Orentreich’s skills as a medical practitioner, plaintiffs are implicating Dr. Orentreich’s conduct as a chemist and manufacturer. The expert testimony that might be needed would bear on defendant’s conduct in these capacities rather than as a medical doctor treating a patient. Such an *536 allegation is cognizable as an action sounding in simple negligence.
Plaintiffs’ claim, that since the fourth cause of action sounds in negligence the Statute of Limitations set forth in CPLR 214-c applies, is without merit. CPLR 214-c does not apply to acts or omissions which occurred before July 1, 1986, and which caused an injury that was discovered or should have been discovered before July 1, 1986 and "an action for which was or would have been barred because the applicable period of limitation had expired prior to such date.” (CPLR 214-c [6].) Here, the defendant’s omissions occurred in 1979, plaintiff discovered her injury between February and April 1986, and the claims were time barred prior to July 1, 1986. When plaintiff discovered the cause of her injury is irrelevant under CPLR 214-c (6). Thus CPLR 214-c is unavailing.
Plaintiffs also claim that the fourth cause of action is timely under the revival statute. (L 1993, ch 419.) Chapter 419 of the Laws of 1993, entitled "[a]n [a]ct to authorize extension of the statute of limitations for commencing a cause of action for personal injury or death caused by silicone”, provides in pertinent part that:
"[e]very cause of action for personal injury or death caused by the effects of silicone gel injected or implanted within the body, or caused by the effects of a silicone breast implant or its component parts implanted within the body * * * which is barred as of the effective date of this act or which was dismissed prior to the effective date of this act solely because the applicable period of limitations has or had expired, is hereby revived and an action thereon may be commenced provided such action is commenced within one year from the effective date of this act * * * Any action pursuant to this section commenced prior to the effective date of this act shall not be dismissed based upon any period of limitations.
"This section shall not be applicable to any action for medical malpractice.” (L 1993, ch 419, § 1 [emphasis added].)
This unconsolidated statute was enacted primarily to revive previously time-barred causes of action of women injured by silicone breast implants. (See generally, Bill Jacket, L 1993, ch 419.) However, the purpose is broader than to protect only such women. It more generally extends the Statute of Limitations for commencing a cause of action for personal injury or death caused by silicone. (L 1993, ch 419.) It was designed to allow "the hundreds of injured people, *537 almost all women, who suffered physical injuries more than four years ago as a result of the implantation of silicone in their bodies, to file lawsuits for those injuries even though their cases are time barred under present law.” (Bill Jacket, op. cit, NY State Senate introducer’s mem in support.) The introducer summarized the provision as allowing "a cause of action for injuries caused by the effects of silicone injected or implanted within the body.” (Id.) The bill was justified as a remedy to perceived inequities in CPLR 214-c which did not do enough to permit persons injured by silicone to avoid the Statute of Limitations as an obstacle to suit. (Id.) "The particular nature of silicone’s effect on the body has caused many individuals to be misdiagnosed or have no explanation for their ailments. This is in part due to there being little or no dissemination of the risks associated with silicone use. This caused a lack of knowledge of causation on the part of the injured person and their doctor, with the result that § 214-c time barred many legitimate causes of action because more than five years elapsed before any causation (if any) was made between the silicone and the injury.” (Id.) The problem with timeliness described in the introducer’s memorandum is precisely the problem which plaintiffs have alleged. Moreover, while the law as enacted discusses injection or implantation of silicone gel, the remedial scope of the statute must include injury from silicone that happens, as in the present case, to be in liquid rather than in gel form.
To the extent that plaintiffs allege a claim of negligent manufacture or processing of silicone, it is distinguishable from other recent similar actions against defendant which resulted in the dismissal of claims for strict products liability, breach of warranty, and negligent administration (i.e., medical malpractice). (See, Barad v Orentreich, Sup Ct, NY County, Aug. 10, 1994, Lobis, J., index No. 33190/92 [dismissed strict products liability and breach of warranty claims]; Newman v Orentreich, Sup Ct, NY County, Dec. 20, 1994, Cohen, J., index No. 10688/93 [dismissed strict products liability, breach of warranty and negligent administration of liquid silicone claims].) Accordingly, plaintiffs’ fourth cause of action for negligent manufacture or processing of silicone liquid which was ultimately injected into Bella Stander is timely, pursuant to Laws of 1993 (ch 419).
Loss of consortium is a derivative action dependent upon inter alla a viable cause of action for negligence. (Maddox v City of New York, 108 AD2d 42, affd 66 NY2d 270.) Accord *538 ingly, because plaintiffs have timely commenced a viable claim for simple negligence in their fourth cause of action, Stander’s spouse’s derivative cause of action for loss of consortium stated in the third cause of action is also viable.
In conclusion the plaintiffs’ motion to dismiss defendant’s first affirmative defense is granted with respect to plaintiffs’ third and fourth causes of action. Plaintiffs’ fourth cause of action is limited as discussed in the opinion above. Plaintiffs’ motion is otherwise denied. The defendant’s cross motion to dismiss plaintiffs’ complaint as time barred is granted with respect to plaintiffs’ first and second causes of action and is otherwise denied.

 Dow Corning Corporation is also a named defendant in this action; however, it is not involved in the instant motion or cross motion.