■ MIRIAM CARMONA, Respondent, v LUTHERAN MEDICAL CENTER, Defendant, and SUJIT CHAKRABARTI, Appellant. [656 NYS2d 693] —In an action to recover damages for medical malpractice, the defendant Sujit Chakrabarti appeals from an order of the Supreme Court, Kings County (Levine, J.), dated January 23, 1996, which granted the plaintiff's motion to dismiss his affirmative defense of the Statute of Limitations, and denied his cross motion for summary judgment dismissing the complaint as barred by the Statute of Limitations.

Ordered that the order is affirmed, with costs.

On July 18, 1984, during an operation to remove the plaintiff Miriam Carmona's gall bladder, the appellant Dr. Sujit Chakrabarti, a doctor employed by the defendant Lutheran Medical Center (hereinafter the Hospital), placed a surgical drain in Carmona's body to collect and remove excess bile and blood leakage. In the nine years following the surgery, Carmona frequently visited the Hospital complaining of pains in her chest and abdomen. Finally, on November 30, 1993, Carmona was readmitted to the Hospital, where the surgical drain was discovered and removed from her body. Carmona commenced this action by a summons and complaint dated April 18, 1994. Finding that the drain constituted a "foreign object" within the meaning of CPLR 214-a, the Supreme Court held that the suit was timely commenced within one year after the object's discovery and, *inter alia*, denied the appellant's cross motion to dismiss the complaint. We affirm.

The surgical drain that the appellant implanted in, but failed to remove from, the body of the plaintiff is a "foreign object" within the meaning of CPLR 214-a, thereby delaying accrual of the Statute of Limitations until the date the drain was or reasonably should have been discovered. Like surgical clamps, scalpels, and sponges, surgical drains have a temporary medical function and, as the appellant admitted, are intended to be removed from the patient's body shortly after surgery (*see, Rockefeller v Moront*, 81 NY2d 560, 564). Moreover, the application of the narrowly construed rule regarding the discovery of "foreign objects" pursuant to CPLR 214-a is justified in the instant action, as there is no danger of false or frivolous claims, assessment of the appellant's professional judg-

ment or discretion is not necessary to establish negligence, and there is no causal break between the appellant's negligence and the plaintiff's injuries (*see, Flanagan v Mount Eden Gen. Hosp.*, 24 NY2d 427, 430-431; *see also, Goldsmith v Howmedica, Inc.*, 67 NY2d 120, 123; *Matter of Beary v City of Rye*, 44 NY2d 398, 414-415). Bracken, J. P., O'Brien, Krausman and Goldstein, JJ., concur.