■ MARY LOU SACCONE, Respondent, v ELM HILL PLAZA, LLC, Appellant and Third-Party Plaintiff. GREG GOWER et al., Doing Business as "A LADY'S PLACE," Third-Party Defendants-Appellants. [773 NYS2d 711]—

Appeals from an order of the Supreme Court, Onondaga County (Anthony J. Paris, J.), entered July 17, 2003. The order granted plaintiff's motion in part, vacated a prior decision of the court and recused Justice Paris.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed with costs.

Memorandum: Defendant-third-party plaintiff (defendant) and third-party defendants each appeal from an order granting those parts of plaintiff's motion seeking recusal and vacatur of Supreme Court's prior decision on the parties' respective motion and cross motions seeking summary judgment. The parties do not challenge the court's recusal, but disagree whether the recusal was mandatory or voluntary. We agree with defendant and third-party defendants that plaintiff failed to demonstrate a basis for mandatory disqualification or recusal and made no showing of actual bias on the part of the court (see *Rochester Community Individual Practice Assn. v Excellus Health Plan* [appeal No. 2], 305 AD2d 1007, 1008 [2003], *lv dismissed* 1 NY3d 546 [2003]). Thus, the court's recusal was voluntary and the proceedings conducted prior to plaintiff's motion herein "remain valid" (*id.*). Nevertheless, at the time of plaintiff's motion, no order had been submitted or entered on the court's prior decision. "Until then, the court had inherent power, *sua sponte* or at the behest of one of the parties, to reconsider . . . its earlier decision" (*Levinger v General Motors Corp.*, 122 AD2d 419, 420 [1986]; *see Vinciguerra v Jameson*, 153 AD2d 452, 454 [1990]; *see also Matter of Budihas v Board of Educ. of City of N.Y.*, 285 AD2d 549, 550 [2001]). In our view, the court properly exercised that power in vacating its prior decision. Present—Green, J.P., Pine, Scudder, Kehoe and Gorski, JJ.