# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**13**
**CA 12-00866**
PRESENT: SCUDDER, P.J., CENTRA, CARNI, LINDLEY, AND SCONIERS, JJ.

---

FRED A. JACOBS, PLAINTIFF-APPELLANT,

              V                                     MEMORANDUM AND ORDER

THE UNIVERSITY OF ROCHESTER, STRONG MEMORIAL
HOSPITAL AND DONALD P.K. CHAN, M.D.,
DEFENDANTS-RESPONDENTS.

---

WILLARD R. PRATT, III, SYLVAN BEACH, FOR PLAINTIFF-APPELLANT.

BROWN & TARANTINO, LLC, BUFFALO (ANN M. CAMPBELL OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS.

---

     Appeal from an order of the Supreme Court, Herkimer County
(Norman I. Siegel, A.J.), entered January 19, 2012.  The order granted
the motion of defendants for summary judgment.

     It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

     Memorandum:  Plaintiff commenced this medical malpractice action
in March 2008 seeking damages for injuries sustained as a result of
spinal fusion surgery performed in August 1989.  During the course of
the surgery, a device known as a "Wisconsin wire" was implanted in
plaintiff's body in order to enhance the fixation and stabilization of
his thoracic spine.  Thereafter, over the course of many years,
plaintiff experienced pain and discomfort at the surgical site and
inquired of a physician in February 2004 whether a wire was protruding
from his spine.  An X ray taken in March 2007 revealed that a
Wisconsin wire was in fact protruding from plaintiff's spinal column
into his muscle and soft tissue at the surgical site.  The position of
the wire was corrected in April 2007.  Supreme Court properly granted
defendants' motion for summary judgment dismissing the complaint as
time-barred.

     Plaintiff contends that, because the wire was not properly bent,
twisted or placed when it was implanted, it became a "foreign object"
within the meaning of CPLR 214-a.  He thus contends that this action
was timely commenced within one year of the discovery of the wire or
"of facts which would reasonably lead to such discovery, whichever is
earlier," rather than within two years and six months from the date of
the act (*id.*).  Contrary to plaintiff's contention, however, it is
well settled that an intentionally implanted device is not a "foreign
object" within the meaning of CPLR 214-a (*see LaBarbera v New York Eye*

& *Ear Infirmary*, 91 NY2d 207, 212-213; *Rockefeller v Moront*, 81 NY2d 560, 564-565; *Provenzano v Becall*, 138 AD2d 585, 585).

Entered:  February 8, 2013                          Frances E. Cafarell
                                                    Clerk of the Court