SUPREME COURT OF THE STATE OF NEW YORK
*Appellate Division, Fourth Judicial Department*

**182**
**CA 13-00841**
PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, SCONIERS, AND WHALEN, JJ.

---

ADAM L. WALTON, PLAINTIFF-APPELLANT,

V                                                          MEMORANDUM AND ORDER

STRONG MEMORIAL HOSPITAL, UNIVERSITY OF
ROCHESTER MEDICAL CENTER, CHILDREN'S HOSPITAL
AT STRONG, SCOTT STEWART, M.D., JAMES MANNING,
M.D., PETER KNIGHT, M.D., J.A. JANUS, M.D.,
GREGORY APPENFELLER, M.D., DEFENDANTS-RESPONDENTS,
ET AL., DEFENDANTS.
(APPEAL NO. 2.)

---

BROWN CHIARI LLP, LANCASTER, MAGAVERN MAGAVERN GRIMM LLP, BUFFALO
(EDWARD J. MARKARIAN OF COUNSEL), FOR PLAINTIFF-APPELLANT.

MARTIN CLEARWATER & BELL LLP, NEW YORK CITY (BARBARA D. GOLDBERG OF
COUNSEL), FOR DEFENDANTS-RESPONDENTS.

---

Appeal from a judgment of the Supreme Court, Erie County (John M. Curran, J.), entered December 5, 2012. The judgment dismissed all claims against defendants-respondents with prejudice.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this medical malpractice action seeking damages for injuries he sustained that allegedly resulted from defendants' failure to remove a polyvinyl catheter from his heart after surgery. Plaintiff underwent heart surgery when he was three years old and, during the surgery, polyvinyl catheters were placed inside plaintiff's heart to record atrial pressure. Three days later, a follow-up procedure was performed to remove the catheters. A nursing note indicated that a catheter "possibly broke off with a portion remaining in [patient]." In December 2008, when plaintiff was 25 years old, an echocardiogram showed a "linear density" inside plaintiff's heart. During a subsequent surgery, a 13-centimeter loop of plastic tubing was removed from plaintiff's heart.

We conclude that Supreme Court properly granted the motion of defendants-respondents seeking dismissal of the complaint as time-barred, but our reasoning differs from that of the court. The issue before us is the applicability of the foreign object exception to the medical malpractice statute of limitations (*see* CPLR 214-a). In granting the motion, the court determined that the polyvinyl catheter

was not a fixation device, but that the catheter did not fit within the legal definition of a foreign object.  We, however, conclude that the polyvinyl catheter was a fixation device.  We therefore reject plaintiff's contention that the polyvinyl catheter was not a fixation device and therefore must be a foreign object within the meaning of CPLR 214-a.  Fixation devices are "placed in the patient with the intention that they will remain to serve some continuing treatment purpose" (*Rockefeller v Moront*, 81 NY2d 560, 564), while foreign objects are "negligently left in the patient's body without any intended continuing treatment purpose" (*LaBarbera v New York Eye & Ear Infirmary*, 91 NY2d 207, 212 [internal quotation marks omitted]).  The polyvinyl catheter here was a fixation device and was not a foreign object because it was intentionally placed inside plaintiff's body to monitor atrial pressure for a few days after the surgery, i.e., it was placed for a continuing treatment purpose.

Entered:  February 14, 2014                    Frances E. Cafarell
                                               Clerk of the Court